THOMAS A. PARSONS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

| 43 | 197 |
| 118 | 713 |

1. The rule that a conviction cannot be had on the uncorroborated testimony of an accomplice alone, only applies to cases of felonies. In misdemeanors, the complicity of the witness goes to his credit, and the jury are to judge of his credibility from all the facts and circumstances, as in the case of other witnesses.
2. What was said to a thief at the time of the larceny is admissible against his accessory after the fact, as part of the *res gestæ.* (R.)
3. Under the whole facts of this case, we affirm the judgment refusing a new trial.

Accomplices. Evidence. *Res gestæ.* Before Judge ALEXANDER. Laurens Superior Court. April Term, 1871.

Parsons was indicted for being accessory before the fact to the offense of stealing certain cotton by one Jack Wright. Jack Wright testified, that he stole a bale of cotton from his employer's place; that defendant urged him to do so, and he excused himself by saying he had no wagon; that defendant promised to send a wagon for it, and that, that night, a young man came with a wagon, and *said that defendant had sent him with the wagon,* and Jack put the cotton on the wagon and carried it to defendant. He further testified, that he had

an interest in the cotton crop, but it had not been divided and was in the control of his employer.

That the bale of cotton was missing, and that defendant admitted that he had obtained one from Jack Wright at the time charged, were shown by other evidence. The saying of said young man, italicised above, came in over the objection of defendant's counsel. The defendant introduced no evidence.

The Court, in his charge, told the jury that " the Court is authorized, in cases of felony, to advise the jury not to convict the defendant upon the testimony of an accomplice *alone*, without corroboration, but that rule does not apply to cases like this, of misdemeanors; that, in this case, it is their province to weigh the testimony of said witness, Jack Wright, and judge of its credibility and effect, as well as the testimony of the other witnesses."

The jury found Parson's guilty. He moved for a new trial, upon the grounds, that the verdict was contrary to law and the evidence, etc., and that the Court erred in admitting the remarks of said young man as evidence, and in charging as he did. The new trial was refused, and that refusal is assigned as error.

ROLLIN A. STANLEY, JOHN T. SHEWMATE, HANSELL & HANSELL, for plaintiff in error. Accomplice uncorroborated: 1 Stark on Ev., 478'; Roscoe's Cr. Ev., 119; Jay on Accomplices, 98, 99; 1 Phil. Ev., 30–1–2; Revised Code, sections 3696–7; 1 Hale's P. of Crown, 304; 6 C. and P., 388; 1 Denio, 83; 1 Ch. Cr. L. 605; 1 Leach, 464, 478; 2 Cow., 133; 4 Phil. Ev., 1807–8–9.

W. B. BENNETT, Solicitor General, for the State. Testimony of accomplice: Revised Code, section 3702; 1 Gr. Ev., sections 380–1–2. Admission of agents: Revised Code, section 3734.

McCay, Judge.

1. We see no error in the charge of the Court in this case. By our Code, section 3702, "the testimony of one witness is sufficient to establish a fact," except in certain specified cases, one of which is, by the same section, declared to be "in any case of *felony* where the witness is an accomplice." We do not think the charge of the Judge is objectionable, in that he said, that in cases of misdemeanor the accomplice is to be judged as other witnesses. It is contended that this was calculated to impress upon the minds of the jury the idea that they were to credit the accomplice, as. though he stood before them, free from any stain upon his character. We do not think so. The Judge said to the jury, that the testimony of the accomplice "was to be *weighed* by them—they were to judge of its *credibility* and effect." This was, perhaps, as far as the Judge ought to have gone. It was for the jury to determine from all the *facts*. That he was an accomplice was one of the facts. When the Judge said this, the inference is very unfair, that the Judge meant the jury was to judge of the credibility of his testimony, as though he were not an accomplice. Other witnesses are to be judged by all the facts legally before the jury, and so are accomplices.

2. We see no error in the admission of the statement of the wagoner; it was one link in the chain of evidence implicating the prisoner, as the cotton was traced to his possession and found there. We think the statement of the wagoner, as to who sent him, was part of the *res gestæ.* So as to the act of the principal thief. Whatever he might have said, it is plain that he knew he was stealing. The fact, too, seems to be, that it was Guiton's cotton that was taken.

3. If the jury believed the accomplice, it was plain that the defendant knew he was aiding and encouraging a thief, and they were fully justified in their verdict.

Judgment affirmed.