WAIL *vs.* STATE.

LARCENY FROM THE HOUSE, FROM McDUFFIE. Criminal Law. Larceny. Master
and Servant. Bailments. Accomplice. Witness. (Before Judge Roney.)

[Jackson C. J., not presiding on acount of providential cause.]

Hall, J.—1. Where one was employed for wages as a servant by the
owners of a ginhouse, it being his duty to aid in ginning cotton brought
there by his masters' customers, to receive and weighe it and put it in
the ginhouse and report at night to the owners, who entered on their
books the weights, receipts and deliveries of cotton during the day;
and where, on account of the fact that he "fired" the engine by which
the gin was run, early in the morning, he generally carried the keys
to the house, this did not put the cotton in his posession or make him
a bailee thereof; and if he stole cotton from the gin-house, the of-
fense was larceny from the house, and not larceny after trust. 2 Whart.
Cr., L., §1905; Hopkins' Penal Code, §1165.

2. It was held in Clark's case, 12 Ga., 350 1, that the statute of limi-
tations applied to the offense for which the defendant was indicted, and
not to any minor offense included therein of which he might be found
guilty on the traverse of the indictment.

3. Where a defendant was indicted for larceny from the house of
goods of the value of more than $50, but the evidence showed that the
property was less than $50 in value, there was no error in charging
that corroboration of the testimony of accomplices was not essential to
a conviction, if the jury should be of the opinion that the offense

amounted to nothing more than a misdemeanor. 43 Ga., 197: 199, 52 Id., 398, 403.

(a.) There was corroboration in this case.

Judgment affirmed.

Thos. E. Watson; E. T. Williams for plaintiff in error.

Boykin Wright, solicitor general, by brief, for the State.