Hall, J.
1. Where one was employed for wages as a servant by the owners of a ginhouse, it being his duty to aid in ginning cotton brought there by his masters’ customers, to receive and weighe it and put it in the ginhouse and report at night to the owners, who entered on their books the weights, receipts aud deliveries of cotton during the day; and where, on account of the fact that he “fired” the engine by which the gin was run, early in the morning, he generally carried the keys to the house, this did not put the cotton in his posession or make him a bailee thereof; and if he stole cotton from the gin-house, the of. fense was larceny from the house, and not larceny after trust. 2 Whart. Cr., L., §1905; Hopkins’ Penal Code, §1165.
2. It was held in Clark’s case, 12 Ga., 350 1, that the statute of limitations applied to the offense for which the defendant was indicted, and not to any minor offense included therein of which he might be found guilty on the traverse of the indictment.
3. Where a defendant was indicted for larceny from the house of goods of the value of more than §50, but the evidence showed that the property was less than $50 in value, there was no error in charging that corroboration of the testimony of accomplices was not essential to a conviction, if the jury should be of the opinion that the offense *237 amounted to nothing more than a misdemeanor. 43 Ga., 197: 199, 52 Id., 398, 403.
Thos. E. Watson; E. T. Williams for plaintiff' in error.
Boykin Wright, solicitor general, by brief, for the State.
(a.) There was corroboration in this case.
Judgment affirmed.