## WILLIAMS *v.* THE STATE.

PER CURIAM. The case comes to this court on writ of certiorari to the Court of Appeals. One ground of the petition for certiorari complains that the Court of Appeals erred in holding that the testimony of two accomplices was sufficient to convict in a felony case, without other corroboration. The petition for certiorari was granted on that ground. On examination of the record it appears that no such issue was raised on any ruling of the trial judge. The trial judge charged to the contrary. The petition for certiorari on the ground stated was therefore granted improvidently, and that question will not be decided by this court. In addition to the evidence of the two accomplices there was corroborating evidence. The sufficiency of corroborating evidence is a matter entirely for the determination of the jury, and in this case the verdict of the jury finding the defendant guilty was authorized. The judgment of the Court of Appeals affirming the judgment of the trial court in refusing a new trial was therefore without error.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurring only in the result. In the trial of one charged with commission of a felony, the testimony of an accomplice can not

be corroborated by another accomplice .if there be no other evidence establishing the fact that the accused participated in the crime.

No. 4141. FEBRUARY 18, 1925.

Certiorari; from Court of Appeals. 31 *Ga. App.* 293.

*Smith & Taylor, M. U. Mooty,* and *L. L. Meadors,* for plaintiff in error.

*William Y. Atkinson, solicitor-general,* and *S. Holderness,* contra.

RUSSELL, C. J. 1. Jeff Williams was convicted of the offense of larceny of an automobile. His motion for a new trial was overruled, and he filed a bill of exceptions to the Court of Appeals. The Court of Appeals affirmed the judgment of the lower court,. and the case is for review in this court by certiorari. In rendering its judgment the Court of Appeals ruled that "Two accomplices testified in this case, each corroborating the other, and, under the. ruling made in *Stone* v. *State,* 118 *Ga.* 705 (5), 711, 714 (45 S.-E. 630, 98 Am. St. R. 145), one accomplice can corroborate another; therefore the conviction of the defendant would .have been authorized even if there had been no other evidence connecting him with the crime."

The precise question here involved has never been directly ruled by this court, and it was with a view to investigating the important question presented by the ruling of the Court of Appeals that this court determined to grant the certiorari. I shall therefore consider whether, as held by our brethren of the Court of Appeals, the testimony of two accomplices or more is sufficient compliance with the well-settled rule that in felonies the. testimony of an accomplice is worthless unless he is corroborated by a witness who was not an accomplice, or by corroborating circumstances sufficiently connecting the accused with the commission of the offense as to dispense with another witness. In prescribing the number of witnesses necessary to authorize a verdict section 5742 of the Code (1910) declares: "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in certain specified cases; such as, to convict of treason or perjury, in any case of felony where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity—in these cases (except in treason) corroborati_ong circumstances may dispense with another witness." It is clear that in this case, where the accused was charged with the theft of an automobile, he could not

have been convicted upon the testimony of one accomplice unless there was elsewhere in the record proof of such circumstances as would not merely prove the crime to have been committed at a place and time and in the same manner as stated by the accomplice, but only upon proof of facts and circumstances which so connect the accused with the commission of the crime as to exclude any other reasonable supposition than that the accused was the thief. *Childers v. State,* 52 *Ga.* 106; *McCalla* v. *State,* 66 *Ga.* 346; *Knight* v. *State,* 143 *Ga.* 678, 680 (85 S. E. 915); *Montford* v. *State,* 144 *Ga.* 582, 586 (87 S. E. 797); *Lynch* v. *State,* 158 *Ga.* 261 (123 S. E. 289); *Braxley* v. *Stale,* 17 *Ga. App.* 196 (9) (86 S. E. 425). Under the code section quoted, the testimony of one accomplice by and of itself is insufficient to convict. This rests upon the principle that the confessedly guilty witness is so absolutely discredited that unless his story is bolstered up by aliunde testimony a conviction would not be authorized. If so, the testimony of every accomplice is subject to the same infirmity. The statute itself provides the only substitute which will dispense with two witnesses, where one of them is an accomplice, and that is corroborating circumstances. In other words, although "the testimony of a single witness is generally sufficient to establish a fact," nevertheless, in charges of treason, perjury, and of felony, where the only witness is an accomplice, there must be corroborating circumstances, or there is no testimony sufficient to authorize a conviction. A single credible witness who is not an accomplice may supply testimony in cases of felonies in general, which will authorize a conviction regardless of the fact that an accomplice has testified, or whether the accomplice has testified for the defendant or for the State; but when only one witness has testified for the State and that witness is an accomplice, there is no testimony before the jury sufficient to convict unless or until his testimony, otherwise incompetent and insufficient to authorize a conviction, has been corroborated by circumstances.

But it is said that section 5742 of the code, supra, deals peculiarly with the *number* of witnesses; and that therefore, in view of the words "where the only witness is an accomplice," the provision of the section is complied with if there be a second or third witness even though the latter be likewise accomplices, and that for that reason the ruling of the Court of Appeals is correct. That this conclusion is unsound is settled by the ruling of this court in the

case of *Childers* v. *State,* supra, the earliest and leading case upon this subject, which has been followed consistently by this court ever since. It is true that the code section is one dealing with the number of witnesses, and it declares that generally one witness is sufficient to establish a fact, that is, sufficient to authorize a finding in favor of any party in court. And by reason of this a verdict of conviction in all felonies, including capital cases, will be authorized (except in treason) upon the testimony of one witness. But, as held in the *Childers* case, the corroboration which is required on account of the intrinsic insufficiency of the testimony of any accomplice is one as to a *fact,* and has nothing to do with the number of witnesses; and the exception as to the testimony of an accomplice, as this section has already been construed by this court, is based upon this regardless of the number of accomplices. In that case the Supreme Court held that the corroboration, whether it arose from the proof of circumstances or from the credibility of a witness who was not an accomplice, must be as to facts absolutely essential to a conviction, which would of themselves connect the defendant with the actual perpetration of the crime; and all corroboration dependent alone upon the statement of an accomplice (no matter how many there might be introduced) would be subject to the same inherent weakness,—their admitted participation in the offense. In the opinion of Judge McCay, delivering the opinion of the court, he said:

"In the case made by this record, which is a felony, the sole witness connecting the defendants with the transaction is one who admits that he was one of the robbers, and there are no circumstances proven by other witnesses corroborating his statement that the prisoners were with him, or that they were connected, in any way, with the commission of the crime. It is contended, however, that as other witnesses do prove there was a robbery, and that the time, place, and circumstances were such as stated by the witness, this amounts to such corroborating circumstances as fulfill the terms of the Code, leaving the *weight* of these circumstances to be determined by the jury. . . That the witness himself, who comes avowedly before the court as a perpetrator of the crime, should be able to tell the time of night, the manner of the crime, that more than one were engaged, the amount stolen, etc., etc., is corroborative of his own guilt, and is involved in the very admission

that he is an accomplice.   But that he tells the truth about such things as these is, as it seems to us, *nothing* going to show that the prisoners are guilty, and does not at all corroborate his story implicating the defendants.   And this is, in our judgment, really the only thing in issue, 'the fact to be established.'   This section of the Code is peculiar and significant in the language it uses.   It sets out with the statement that ordinarily one witness is sufficient to establish a fact.   It then declares that there are exceptions to this rule.   It mentions treason as an exception, and then perjury, cases of felony where the only witness is an accomplice, and finally where it is undertaken to rebut a responsive statement in an answer to a bill in equity.   In these cases, except in treason, corroborating circumstances *may dispense with another witness.*   It seems to me that it is difficult to read this language without coming to the conclusion that more is intended than that the one witness, the accomplice, shall tell a reasonable story; that he shall show that he knows a crime was committed, and tell truthfully the time, place, and manner of it, as they are known, perhaps, to half of the community, by the story of the person wronged, or by the traces which almost every crime leaves behind.   As I have said, it seems to me, these words of our law mean something more than this, and that their language can only be met by requiring proof from other witnesses of facts going to show that the persons on trial, whose guilt is the only fact to be established, are implicated in the crime.   Nothing else is *any* corroboration of the fact in dispute.   Nobody denies the guilt of the witness; that fact needs no confirmation.   He goes upon the stand avowing that the whole point of the case is the guilt of the persons on trial, and nothing which does not tend to confirm his story, as to them, can be fairly spoken of as corroborating the evidence he gives as to the fact to be established.

"It will be noticed that the statute does not say that the jury shall not convict on the testimony of one witness.   The provision is that a 'fact' can not be established thus.   The significant, controlling, vital fact of this issue is not the robbery, not the time, place, or manner of it.   Had that been the question, this witness would not have been put up at all.   The person on whom the outrage was committed was present and a witness.   Not a single new fact of a material character, except his own presence, is stated by the witness; and at last this verdict is founded, the fact of the guilt

of these prisoners is taken as established, solely on the statement of the accomplice. It is trifling with the principles of justice to say that the circumstances in reference to Sandy Boothe, as that *he* first suggested the guilt of the witness, that he tried to hire a buggy next morning to go into the country, and said he had the money to pay for it, are facts going to show his guilt. His pointing to the prisoner strikes me as a strong fact in his favor, and suggests a motive for the witness to turn the tables on the one who put the officers after him, and the other facts may be true of one hundred men in Athens that very morning, and are worthy of no attention. Indeed, the whole argument here has been on the assumption that there is nothing to show the guilt of the prisoners but the statement of the accomplice, and the conviction is sought to be sustained by insisting that, under the law, circumstances confirmatory of the witness's general narrative are sufficient, though those circumstances do not at all tend to connect the prisoners with the matter. For myself, I can not so read the Code. Its language is, to my mind, plainly to the contrary. Its suggestion, that these circumstances may dispense with another witness; its classification of the case with cases of treason, perjury, and rebutting an answer in equity, impresses me overwhelmingly with the idea that there must be more evidence of the guilt of the defendants than the prisoner's statement; that the corroborating circumstances must be cumulative, that they must add to the testimony of the accomplice. In other words, I think our law—this section of the Code—requires more evidence of the guilt of the prisoners than the oath of an accomplice."

This court, in thus ruling in the *Childers* case that the question of corroboration was entirely one of fact and that the fact of the prisoner's presence and participation in an offense could not be proved by an (any) accomplice, decided the point that the presence and participation of the accused could not be established by any number of accomplices without corroboration aliunde as to the facts sought to be established. For this reason it is very plain that the Court of Appeals erred in holding that two accomplices, without more, would authorize a conviction in a felony case. What is said in *Stone* v. *State,* supra, is without point on the question now before us, because the exact question as to whether an accomplice may be corroborated by the testimony of another accomplice was not then

before the court. At common law the testimony of an accomplice was sufficient to authorize a conviction of felony; but in adopting the code section we have just cited, Georgia made for itself a rule of evidence which supplanted the common law, and in Georgia this statute and not the common law must prevail and control. As said in the *Childers* case, "It may be these men are bad, guilty men; but if they are convicted, it ought to be under the rules of law. To justify this verdict would be, in our judgment, to make the best men in the land subject to the danger of conviction by any guilty scoundrel who might attack them. His guilt is easily corroborated. The rule is, and ought to be, that *some facts* must be shown by other witnesses, tending to show guilt in the person on trial."

The exact question involved in this case has never been directly ruled by this court; for in *Stone* v. *State,* supra, the precise point before the court was whether certain witnesses were accessories so as to become accomplices, and this court held that they were not accessories and therefore were not accomplices. The great weight of authority in other jurisdictions inclines me to hold that one accomplice can not corroborate another, and that the testimony of any number of accomplices, without more, should be held insufficient to authorize a conviction in a felony case. Under the law of Virginia the jury as triors of fact may, if they see proper to do so, convict upon the uncorroborated testimony of an accomplice alone. However, in Jones v. Commonwealth and Perkins v. Commonwealth, 111 Va. 862 (69 S. E. 653), where an attempt to corroborate an accomplice was made by the introduction of the testimony of another accomplice, it was held that "The testimony of one accomplice can not be corroborated by the testimony of another accomplice, though the jury may convict on the uncorroborated evidence of an accomplice." In the opinion of the court it was said that "the principle is well settled that the evidence of an accomplice must be received and acted upon by the jury with great caution. The source of such evidence is tainted, and the danger of collusion between accomplices and the temptation to exculpate themselves by fixing responsibility is so strong that it is the duty of the court to warn the jury against the danger of convicting upon their uncorroborated testimony. From these considerations, the generally accepted rule is, that, 'if two or more accomplices are produced as witnesses, they are not deemed to corroborate each

other, but the same rule is applied, and the same confirmation is required, as if there were but one.' 1 Greenleaf on Ev. (15th ed.) § 381; 1 Am. & Eng. Enc. Law (2d ed.), 405; McConnell v. State, (Tex. App.), 18 S. W. 645; Howard v. Com., 110 Ky. 356, 61 S. W. 756; U. S. v. Logan (C. C.), 45 Fed. 872; People v. Creegan, 121 Cal. 554, 53 Pac. 1082; People v. O'Farrell, 175 N. Y. 323, 67 N. E. 588." To the same effect see also State v. Spotted Hawk, 22 Mont. 33, 55 Pac. 1026; Porter v. Commonwealth, 22 Ky. Law Rep. 1657, 61 S. W. 16; Guiterrez v. State, 76 Tex. Cr. R. 189; 4 Wigmore on Evidence, 361, § 2059, and cases cited. In Underhill's Criminal Evidence, 167, § 131, it is said that "Corroboration by independent evidence is not dispensed with where several accomplices testify against the accused. The accomplices are not deemed to córroborate each other." It is stated in 16 C. J. 710, § 1453, that "The general rule is that the testimony of one accomplice can not be accepted as sufficient corroboration of the testimony of another; and hence there can be no conviction upon the testimony of accomplices alone, no matter how many there may be, if their testimony is not corroborated by evidence apart from accomplice testimony."

As stated at the outset of this opinion, the certiorari was sanctioned and granted solely for the purpose of determining whether the principle of law announced in the second headnote of the decision of the Court of Appeals was correct. Upon a review of the record, and inasmuch as it appears that there are circumstances of corroboration which might have authorized the jury to convict the accused even though only one accomplice had testified, and that especially as the trial judge did not charge the jury that the testimony of two accomplices was of greater weight than one, and in fact did not charge at all upon the question stated in the second headnote of the decision of the Court of Appeals, it does not appear that the defendant was harmed or injured by anything that transpired in the original trial. Under these circumstances it would be trifling with justice to send the case back for another trial because of an error of the Court of Appeals in a ruling made upon review. We merely declare so much of the law as is referred to in the first division of the opinion, but affirm the judgment of the Court of Appeals holding that the verdict was supported by the evidence and that there was no prejudicial error in the trial in the lower court.