· POPE *v.* THE STATE.

No. 8074. DECEMBER 13, 1930. REHEARING DENIED JANUARY 22, 1931.

*Norman Shattuck, Mann & Mann,* and *J. D. Pope,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* and *Rosser & Shaw,* contra.

GILBERT, J. The Court of Appeals certified to this court the following question: "Can a defendant in a felony case be legally convicted of the offense charged, where the only evidence directly connecting him with the offense charged is the testimony of several accomplices, and where the only corroboration of the testimony of each accomplice is the testimony of the other accomplices?" In this State the only statute relative to the question propounded is found in the Penal Code (1910), § 1017, as follows: "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except treason) corroborating circumstances may dispense with another witness." On the argument it was urged that the testimony of the accomplice amounted to "nothing," and that to corroborate such testimony with the testimony of another accomplice would be to add nothing to nothing, the result still being nothing. Counsel for the ac-

cused urged the view expressed by Chief Justice Russell, in his special concurrence in *Williams* v. *State,* 159 *Ga.* 728 (126 S. E. 844). That view probably could not be more strongly expressed. But the court did not express any view of the question in that case. This construction of the statute, we think, is contrary to its terms. It refers to the number of witnesses "when the single witness is an accomplice." If the lawmakers had intended to treat as a nullity the testimony of the witness who was an accomplice, they would undoubtedly have used a more definite term by simply declaring that an accomplice shall be incompetent as a witness. The mere fact that the statute provides for corroboration of an accomplice demands the construction that the testimony of an accomplice is not a nullity, but on the contrary that the testimony of an accomplice, standing alone, while not entitled to full credit, as in the case of a witness in no way discredited, still may be considered by the jury, and, when corroborated by other circumstances, a conviction may be justified. There is no limitation placed upon the character or standing of witnesses by whom other circumstances may be proved. "At common law one could be convicted on the uncorroborated testimony of an accomplice." *Stone* v. *State,* 118 *Ga.* 705 (45 S. E. 630, 98 Am. St. R. 145). The disputed question was answered by Chief Justice Jackson, speaking the unanimous opinion of the court, as to corroboration of an accomplice, in *Partee* v. *State,* 67 *Ga.* 570, 571, as follows: "It is argued that as the confession, uncorroborated, itself would not be sufficient to convict, therefore it is not sufficient to prop up the testimony of the accomplice so that the two sorts of testimony together can legally convict. This is a non sequitur. On the contrary, the testimony of the accomplice would be wholly valueless, if it should be corroborated with evidence outside of itself which would legally be ample to convict. The testimony of the accomplice is good, competent evidence, but must be strengthened by other good and competent evidence in order to have sufficient force to carry legal conviction. That other legal evidence need not absolutely fix conviction, but only tend to fix it. 52 *Ga.* 106. So also it was ruled at the last term, in the case of *McCalla* v. *The State.* Slight circumstances will suffice to support and corroborate the accomplice and make the conviction legal. 55 *Ga.* 220."

That argument was again answered by Mr. Justice Lamar in

*Stone* v. *State,* supra. That learned Justice spoke for the entire court as follows: "He insists that these three witnesses were at least participants in the crime, and if not accomplices within the letter of the definition, they were such in substance; that in considering the probative value of testimony the spirit of the rule should govern, and verbal niceties should be ignored; that according to the practice in criminal cases the jury were instructed not to convict even on the uncorroborated testimony of two or more accomplices; and that in the present case the application of these well-recognized principles of law demanded Stone's acquittal. This argument necessarily proceeds upon the idea that accomplices in all respects form an exception to the rule laid down as to the right of the jury to pass upon the credibility of impeached witnesses (Civil Code, § 5295 [1910, § 5884]); that their testimony is inherently bad; that to add testimony of one accomplice to that of another is to add nothing to nothing, the result still being nothing. On the contrary, on general principles, and until a comparatively recent date, the testimony of even a single accomplice was sufficient to support a conviction. At common law, where one had been found guilty of a felony, and judgment had been entered thereon, he was considered infamous and incompetent to testify. But when the witness showed that he was in fact guilty of a felony as an accomplice of the defendant on trial, it appeared that nothing was needed except a formal judgment to render him actually incompetent. This, among other reasons, finally led the judges, in the exercise of their broad power to advise concerning evidence, to caution the jury that while they could consider such testimony, it ought to be corroborated before a verdict could be sustained thereby. In his work on Testimony of Accomplices, pp. 1-6, Baron Joy says: 'At what time the regulation came to be adopted is not easy to ascertain. . . In the conduct of Lord Holt it is nowhere discoverable. I do not find that Lord Hardwicke, when he presided in the King's Bench, had an idea of its existence; and even Lord Mansfield does not seem (at least in the year 1775) to have had a conception either of its existence or its necessity.' As late as 1788 Buller, J., being in doubt 'whether the evidence of an accomplice unconfirmed by any other evidence that could materially affect the case was sufficient to warrant a conviction,' referred the case to the consideration of the full bench, and in pass-

ing sentence announced that the judges were unanimously of opinion that an accomplice alone is a competent witness, and if the jury, weighing the probability of his testimony, think him worthy of belief, a conviction supported by such testimony alone is perfectly legal. King v. Atwood, 1 Leach, 464; Com. v. Holmes, 127 Mass. 424. And when the regulation was finally and firmly established, its application was in the discretion of the trial judge. As late as 1861 Chief Justice Cockburn, in Reg. v. Boyes, 9 Cox's C. C. 35, on a trial for bribery, where those who took the money were witnesses, said: 'I protest against its being the duty of the judge to direct the jury to acquit because the evidence of an accomplice is uncorroborated.' Even in States where the rule obtains, the accused is not entitled, as matter of right, to have it given in charge. Thus in Com. v. Wilson, 152 Mass. 12, it was said that it is a general rule of practice, but not a rule of law, to advise the jury not to convict upon the uncorroborated testimony of an accomplice; and the judge presiding at the trial may, in his discretion, decline to adopt the rule, and may refuse so to advise the jury, or to define corroborative evidence within the meaning of the rule. But even if it be treated as a rule of law, it was not of force in England on May 14, 1776, and therefore not within the terms of our adopting statute. Act of Sept. 16, 1777, Watkins' Dig. 202; Act of Feb. 25, 1784, Cobb's Dig. 721. That a judgment on a conviction for a felony rendered a witness infamous was probably true in this State until the act of 1866 (Acts 1866, p. 138), Civil Code, § 5269 [1910, § 5858]. Compare Cobb's Dig. 840, par. 340. And even if the same reasons which caused the adoption of the rule in England were consequently operative in this State, they ceased to be longer applicable when, by the act of 1866, a conviction for crime no longer rendered a witness incompetent. *Frain* v. *State,* 40 *Ga.* 534 (5). Certainly as a rule of practice it ceased to have any validity when by Civil Code, § 4334, the judges were prohibited from longer advising the jury as to what had or had not been proved, or expressing any opinion as to the evidence or of the weight to be given thereto. State v. Green [48] S. C. [136], 26 S. E. 234, 238. The only part saved is that contained in the Penal Code, § 991 [1910, § 1017], which requires corroboration in any case of felony where the only witness is an accomplice. So that, while elsewhere the regulation is broader, it is only one of prac-

tice. In Georgia it is more restricted, but a rule of law to the extent laid down in the Penal Code, § 991, Civil Code, § 5156, which, however, is not an attempt to codify the principle as enforced in England. There it was applicable to cases of misdemeanor as well as of felony. Taylor on Evidence (9th ed.), § 968. Here the complicity of the witness in misdemeanor cases merely goes to his credit, and the rule applies only to cases of felony.. *Parsons* v. *State,* 43 *Ga.* 197. Nor does the section appear to deal with the effect of the testimony of more than one accomplice. In other States one accomplice can not generally corroborate another; but our code is silent on that point. The point was assumed, but not expressly dealt with, in *Johnson* v. *State,* 92 *Ga.* 578. An analysis of the section will show that it is dealing with the 'number of witnesses necessary.' It begins by laying down the proposition that 'the testimony of a single witness is generally sufficient to establish a fact.' It then proceeds to provide that 'exceptions to this rule are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except in treason) corroborating circumstances may dispense with another witness.' The statute being silent, the courts have no right to extend the exceptions beyond its terms. *Childers* v. *State,* 52 *Ga.* 117. Nor does the provision in the Political Code, § 4, par. 4, that the singular includes the plural, apply when it is apparent that the statute is dealing with the number of witnesses necessary, and expressly declaring that one is sufficient except in specified cases."

It is insisted by counsel for plaintiff in error that what was said in the opinion just quoted was obiter dicta and not binding. That question was considered by the court when the *Stone* case was decided. Stone was indicted for subornation of perjury, and one of the witnesses testifying against him was the person charged with perjury. The court first entered upon a discussion as to whether or not the perjurer would be considered in law as an accomplice of the suborner, and held that the perjurer "was not a technical accomplice" of the suborner, and then said that on that account "*it would be unnecessary to consider the necessity for corroboration, but for the fact that the plaintiff in error raised the point both by requests to charge and also in an attack on the verdict as being contrary to law.*" Thus it will be seen that the entire court of six

Justices, in' that case, decided that the question was not obiter dicta. The plaintiff in error also insists that an earlier case, *Johnson* v. *State,* 92 *Ga.* 578 (20 S. E. 8), held to the contrary. The court considered that argument also in deciding the *Stone* case, and held that "the point was assumed, but not expressly dealt with, in" the *Johnson* case. The *Childers* case, supra, contains interesting discussions by Judge McCay for himself and Judge Trippe, and by Chief Justice Warner, dissenting.

As we construe the *Stone* case, supra, the portion of the opinion quoted was not obiter dicta. But if it be conceded that this conclusion is incorrect, nevertheless the reasoning is sound, and is adopted as a proper answer to the question propounded. So we answer that a defendant in a felony case may be legally convicted of the offense charged, where the only evidence directly connecting him with the offense charged is the testimony of several accomplices, and where the only corroboration of the testimony of each accomplice is the testimony of the other accomplices.

*All the Justices concur, except Russell, C. J., absent for providential cause.*