26743. WALKER *v*. THE STATE.

DECIDED APRIL 28, 1938.

*Stonewall H. Dyer, H. A. Allen,* for plaintiff in error.
*William Y. Atkinson, solicitor-general,* contra.

BROYLES, C. J. Tom McLeod, Gordon Green, and Bill Walker (the defendant in this case), were jointly indicted as accessories before the fact to the crime of robbery. The indictment charged that two men named respectively "Jimmy" and "Jack," "whose other names . . are to the grand jurors unknown," did, on April 2, 1937, in Coweta County, Georgia, commit the crime of robbery by intimidation, by taking from the person of A. E. Fleming, with intent to steal the same, the sum of seven thousand, fifty-one dollars and twenty-eight cents, the property of Arnco Mills,

a corporation of said State and county, but which property was then and there in the custody of said Fleming." The indictment set forth in detail the manner in which Fleming was intimidated and the robbery committed. It was charged in the indictment that Walker, McLeod, and Green, though absent at the time of the robbery, did procure, counsel, and command the said "Jimmy" and "Jack" to commit the robbery in the manner in which it was executed; and that the said "Jimmy" and "Jack" "can not be taken so as to be prosecuted and punished as principals in said crime of robbery." No demurrer to the indictment was filed. Walker was put on trial and convicted. The chief witnesses for the State were Tom McLeod and Gordon Green, accomplices of the other alleged criminals named in the indictment. The evidence was sufficient to authorize a finding that Walker and the other alleged criminals named in the indictment had, before the commission of the robbery, entered into a conspiracy to commit the offense; and that the defendant Walker, although not present at the commission of the crime, had counseled and procured "Jimmy" and "Jack" to commit the robbery. It follows that Walker's conviction was authorized; and there is no merit in the general grounds of the motion for new trial.

Special grounds 1 and 2 complain of the admission in evidence of certain statements and declarations of McLeod and Green, made before the robbery and tending to connect the defendant Walker therewith. The ground of the objection to the evidence was "that it was hearsay evidence and inadmissible, it being a conversation between the witness and another codefendant had out of the presence of the defendant on trial." These grounds are not meritorious, since the evidence authorized the jury to find that Walker and the other four alleged criminals named in the indictment had entered into a conspiracy to commit the offense charged; and, "after the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Code, § 38-306; *Driggers* v. *State,* 51 *Ga. App.* 370 (180 S. E. 619).

Ground 3 of the motion complains of the admission in evidence of a conversation between McLeod and Green. This conversation occurred shortly after the robbery, and related to the attempt of McLeod and Green to contact "Jimmy" and "Jack" for the pur-

pose of getting their share of the proceeds of the robbery. The only objection to this evidence was: "We object to the conversation between him [McLeod] and Green after the robbery had done happened, it certainly would be hearsay evidence." The admission of the evidence was not error. The jury were authorized to find from evidence, direct and circumstantial, that the conspiracy between the parties did not end with the actual commission of the robbery, but ·was sufficiently extensive in point of time to cover the prearranged flight of "Jimmy" and "Jack" into Alabama, and the division of the stolen money between the conspirators.

The remaining special ground complains of the following excerpt from the court's charge: "I charge you that one accomplice may corroborate the testimony of another accomplice." Movant contends that this charge, while abstractly correct, "was error for the reason that the witness Tom McLeod delivered all the testimony which in any manner even tended to show any counseling, commanding, procuring, or advising the commission of the crime of robbery." It is now well settled that "the testimony of one accomplice, if satisfactory to the jury, is sufficient corroboration of another accomplice in a felony case." *McCormick* v. *State,* 176 *Ga.* 21 (4) (166 S. E. 762). See also *Pope* v. *State,* 171 *Ga.* 655 (156 S. E. 599). And "the sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." *Chapman* v. *State,* 109 *Ga.* 157, 165 (34 S. E. 369); *Hargrove* v. *State,* 125 *Ga.* 270, 275 (54 S. E. 164); *Evans* v. *State,* 27 *Ga. App.* 316 (2) (108 S. E. 129). In order to convict, it is not necessary that the corroborating testimony of one accomplice corroborate the testimony of another accomplice as to all the material facts of the case. It is sufficient if it connect the accused with the commission of the crime, and tends to show his guilt. In our opinion the charge of the court was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*