## 28227. ARNOLD v. THE STATE.

DECIDED APRIL 11, 1940.

*Lovejoy Boyer, W. A. Wooten,* for plaintiff in error.
*M. H. Boyer, solicitor-general,* contra.

BROYLES, C. J. The accused was tried on an indictment jointly charging him, Bill Carr, Leo Carr, and Grady Sinclair with the offense of burglary. The record shows that Bill Carr, Leo Carr, and Grady Sinclair had entered pleas of guilty. While the evidence disclosed that they actually committed the offense, and that the defendant Arnold was not present at its commission, the testimony of Bill Carr, corroborated by the testimony of Grady Sinclair, showed that Arnold had entered into a conspiracy with Sinclair and the two Carrs to commit the burglary; that he actually procured them to commit the crime; that the burglary tools used in its commission were taken from Arnold's home on the night of the burglary, with his knowledge and consent; that a week or two before the burglary Arnold took Bill Carr and Sinclair into the store that was burglarized, for the purpose of "sizing up" the situation and locating the safe in which Arnold had told Carr and Sinclair the storekeeper kept his money. It is well-settled law that the testimony of one accomplice, if satisfactory to the jury, is sufficient corroboration of another accomplice in a felony case. *Walker* v. *State,* 57 *Ga. App.* 868, 870 (197 S. E. 67), and cit. Furthermore, the testimony of the two accomplices was corroborated in many material respects by other witnesses in the case. While it does not appear that the defendant Arnold was present at the commission of the offense, the evidence that he had entered into a conspiracy with Carr and Sinclair for the commission of the burglary, that he had procured them to commit it, and had knowingly and actively aided and abetted them in its commission, amply authorized his conviction of the offense charged. *Strickland* v. *State,* 45 *Ga. App.* 359 (164 S. E. 450). The excerpt from the charge of the court on the subject of the corroboration of the testimony of an accomplice was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*