33015. EUBANKS et al. v. THE STATE.

BOWLES, Justice.

The appellants, Denorris Eubanks and Johnny Heard, were jointly indicted by the Fulton County Grand Jury and charged with the offense of murder. Co-indictees Willie Taylor and Benjamin Brown were not tried with the appellants; however, both testified at their trial. Appellants were found guilty of the offense as charged, and sentenced to life imprisonment. They appeal following the denial of their motions for new trial. We affirm.

The evidence shows that on the evening of May 15, 1975, appellant Denorris Eubanks, accompanied by Benjamin Brown, went to appellant Johnny Heard's home. There they discussed plans to rob the victim. Appellant Heard telephoned Willie Taylor, who told the three to come over to his house. The three drove over to Taylor's house, picked him up, and then returned to Heard's home. There they armed themselves with a sawed-off shotgun and a .32 caliber pistol.

At around 11:30 p.m. the four men left Heard's house and caught a bus which carried them to the victim's home. The appellants waited near the victim's home while

Taylor and Brown went inside and persuaded the victim to give them a ride down to Brown's brother's house under a false pretext. While in the victim's car, Taylor and Brown attempted to lure him into a dark alley where appellants Eubanks and Heard were waiting. The victim, however, told Taylor and Brown that he would not drive down the dark alley. Unsure of what to do next, Taylor and Brown got out of the car and walked a short distance to where the appellants were waiting. The four consulted and decided that Taylor, armed with the .32 caliber pistol, and Brown should return to the victim's car where Taylor was to pull the pistol and tell the victim "don't move." In the meantime, Eubanks and Heard were to circle around the car and stick the sawed-off shotgun through the left hand side of the automobile.

When Taylor and Brown returned to the victim's car, Brown got into the front seat next to the victim, and Taylor got into the back seat, where he pointed the pistol at the victim's head. The victim turned around and tried to grab the gun from Taylor. During the struggle Taylor fired the gun and the victim was killed.

1. Appellants' first enumeration of error alleges that the trial court erred in overruling their motions for new trial on the general grounds.

At the appellants' trial, co-indictee Willie Taylor, who pled guilty before trial, and co-indictee Benjamin Brown testified for the state and related to the jury the details of the murder upon which appellants' convictions rest. Appellants initially argue that there was insufficient corroboration of their testimony.

In Georgia, the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. Code Ann. § 38-121; *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *West v. State,* 232 Ga. 861 (2) (209 SE2d 195) (1974). However, where two or more accomplices testify at the trial of an accused, the testimony of one accomplice may be corroborated by the testimony of the other accomplice. *Baker v. State,* 238 Ga. 389, 391 (233 SE2d 347) (1977); *Pope v. State,* 171 Ga. 655 (156 SE 599) (1930);

*McCormick v. State,* 176 Ga. 21 (4) (166 SE 762) (1932).

In the present case, both Taylor and Brown testified that the appellants planned and participated in the robbery attempt which led to the victim's murder. The evidence was, therefore, amply corroborated.

Notwithstanding, the appellants argue that even though corroborated, the evidence was insufficient to support the jury's verdict. The role of this court is to pass not on the weight but on the sufficiency of the evidence. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976); *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948). The evidence must be viewed by this court in the light most favorable to the verdict rendered. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583) (1975). So long as there is "any evidence" to support the jury's verdict, it will not be disturbed on appeal. *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650) (1976); *Alexander v. State,* 239 Ga. 108 (236 SE2d 83) (1977).

The record shows the evidence to be more than adequate to warrant appellants' conviction and, therefore, their contention is without merit.

2. In their second enumeration of error, the appellants contend that the trial court became an advocate for the state when it suggested a question the district attorney asked a witness.

During the state's cross examination of appellant Heard, Heard testified that he had been told that co-indictee Willie Taylor would not testify against him. Heard was then asked when he had told his attorney of this. Counsel for the defense objected to the question posed as being protected by the attorney-client privilege. The court then asked the district attorney, "Have you asked him if he did tell his attorney," that Willie Taylor would not testify against him? The district attorney asked the witness the question the court had suggested, and again, counsel for the defense objected. At this point the trial court instructed the witness that he did not have to testify concerning anything he had communicated to his attorney. The witness, however, proceeded to answer the question propounded by the state.

Though a judge is prohibited from expressing or

intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or a series of questions to any witness fo⁻ the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion. Code Ann. § 81-1004; *Thomas v. State,* 240 Ga. 393 (1977); *Wilson v. State,* 229 Ga. 224 (190 SE2d 78) (1972).

The trial judge did not become an advocate for the state by suggesting the question complained of. Appellants' second enumeration of error is also without merit.

3. In their final enumeration of error, appellants complain of two alleged improper remarks made during the district attorney's closing argument.

(a) The first remark complained of was made by the district attorney shortly after he began his closing argument. Addressing the jury he stated, "I made an opening statement of what I anticipated the state's evidence would show. As so carefully pointed out by defense counsel, some of the things I anticipated the evidence to show did not materialize. I outlined the case to you. You may infer, of course, the reason for the opening statement is so the jury may have some idea to anticipate, what to look for and make it easier to follow the continuity of the trial. *I may point out, of course, the opening statement made by defense didn't point out anything they anticipated to prove. As I recall, there was only one opening statement,* and that was 'please listen to the evidence,' but an opening statement is simply to show what you expect the evidence to show. They failed to show what they anticipated." Appellants' counsel objected to the italicized portion of the district attorney's closing argument stating that "[T]he defense is not by law under any compelling reason to prove anything. The burden of proof is on the state, and I have the option not to make an opening statement. . ." The trial court agreed that defense counsel had recited a correct statement of the law and then informed the district attorney that he could resume his closing argument.

It is clear that the statement complained of, when read in its entire context, was not improper. It was not a

comment on the failure of either defendant to testify, as forbidden by Code Ann. § 38-415, but was intended to explain to the jury the purpose of opening argument. See *Jordan v. State,* 239 Ga. 526 (238 SE2d 69) (1977); *Ingram v. State,* 134 Ga. App. 935, 940 (9) (216 SE2d 608) (1975).

(b) The second statement objected to by appellants was made while the district attorney was reviewing the testimony of co-indictee Willie Taylor. In his argument, the district attorney attempted to clarify that no deals for the testimony of Willie Taylor had been kept from the jury and that no corrupt agreements of any kind had been made with him in exchange for his testimony. In so arguing, the district attorney stated that, "That's what they [defense counsel] would like for you to believe."

Appellants' counsel objected to this statement, and moved for a mistrial, contending that the district attorney's statement was made to discredit counsel for the defense. Though the court informed counsel that it did not take the district attorney's statement to imply misconduct, it did, in an abundance of caution, instruct the jury that "neither counsel . . . means to imply any improper conduct on the part of the other, and if you draw any inference, disobey your minds of that." Defense counsel renewed their objection for the record and the district attorney resumed his closing argument.

The remarks made by the district attorney were in response to the closing argument of appellants' counsel, who argued to the jury concerning possible motives behind Willie Taylor's testifying on behalf of the state against the appellants. To our minds the district attorney's statement in no way could be taken as discrediting counsel for the defense. The district attorney's comment not being improper, Code Ann. § 81-1009 has no application.

For the reasons as stated above, appellants' enumeration is without merit.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

Submitted November 28, 1977 — Decided January 19, 1978.

*Stephen M. Friedberg,* for appellants.

*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.