### 64598. SLOCUMB v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for armed robbery. It is contended that, because the testimony of an accomplice was insufficiently corroborated, the trial court erred in denying the defendant's motion for directed verdict and motion for new trial. *Held:*

"A directed verdict of acquittal is required only 'where there is no conflict in the evidence.' Code Ann. § 27-1802 (Rev. 1972)." *Phillips v. State,* 238 Ga. 632, 633 (235 SE2d 12). In the instant case there was testimony of defendant's participation in the crime by two accomplices. In *Pope v. State,* 171 Ga. 655 (156 SE 599) in a response to a certified question by this court, the Supreme Court held: "One may be legally convicted of a felony other than treason or perjury where the only evidence directly connecting him with the offense charged is the testimony of an accomplice, and where the only corroboration is the testimony of other accomplices." Accord, *McCormick v. State,* 176 Ga. 21 (4) (166 SE 762). It therefore may be taken as well settled that in a felony case, the testimony of one accomplice, if satisfactory to the jury, is sufficient corroboration of the testimony of another accomplice. *Eubanks v. State,* 240 Ga. 544, 545 (242 SE2d 41).

Counsel for defendant argues that because the two accomplices gave conflicting testimony as to the events which transpired that further corroboration was required.

" '[T]he sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine.' . . . In order to convict, it is not necessary that the corroborating testimony of one accomplice corroborate the testimony of another accomplice as to all the material facts of the case. It is sufficient if it connect the accused with the commission of the crime, and tends to show his guilt." *Walker v. State,* 57 Ga. App. 868, 870 (197 SE 67). Accord, *Jones v. State,* 139 Ga. App. 643, 646 (229 SE2d 121); *Park v. State,* 224 Ga. 467, 476 (162 SE2d 359); *Jones v. State,* 235 Ga. 103 (3) (218 SE2d 899).

While there might be discrepancies as to many of the details of the crime, as to the core issue — was the defendant a participant? — there was no such conflict in the testimony of the accomplices so as to demand a finding for the defendant or to require the grant of a new

trial. In this regard, there was sufficient evidence to sustain the finding of defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 25, 1982.

*Claude W. Hicks, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Virgil Adams, Assistant District Attorneys,* for appellee.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*