## A02A1512. BOLES v. THE STATE.
(570 SE2d 677)

MIKELL, Judge.

A Clayton County jury convicted Demarco Sherrod Boles of hijacking a motor vehicle, aggravated assault, and armed robbery.[1] Boles was sentenced to serve 20 years on the hijacking charge and 20 years on the armed robbery charge, to run concurrently. The aggravated assault charge was merged with the armed robbery charge. On appeal, Boles challenges the sufficiency of the evidence. We affirm.

Where the sufficiency of the evidence is questioned on appeal, we determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] As an appellate court, we do not weigh the evidence or assess witness credibility.[3]

Reviewed in the light most favorable to the prosecution, the evidence shows that at approximately 3:00 p.m. on November 15, 2000, as Frieda Callaway exited her car, she saw three boys walking up the street, one of whom approached and pointed a gun at her. Callaway testified that the boy with the gun demanded her car keys. Callaway threw the keys on the ground and ran toward her neighbor's house, shouting for help. The three boys jumped into Callaway's car and drove away.

Callaway testified that she thought the boys were between the ages of 16 and 18. All three boys wore "starter" jackets and toboggan caps. Callaway could not recall the color of the jacket the armed perpetrator wore, but she did remember that his gun was gray, he wore either a dark blue or black bandanna on his face, and his cap was dark with a lighter trim. Callaway could not see the faces of the other two boys.

Approximately an hour after the incident, Callaway was notified that her car had been recovered. When she arrived at the car, the police had two young men in the back of the police car. Callaway could not identify the armed perpetrator, but she did recognize the jacket and bandannas that were found in the trunk of her car.

The co-defendants, John Auletta and Isaias Torres Ruiz, testified that they were walking down the street with Boles when they saw Callaway exiting her car. Both testified that Boles was the only one wearing a jacket, that all three of them were wearing black and

---

[1] John Auletta and Isaias Torres Ruiz were also charged with these offenses. The cases were severed, and Boles was tried first.

[2] (Punctuation and emphasis omitted.) *State v. Clay*, 249 Ga. 250 (1) (290 SE2d 84) (1982), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993).

white bandannas, and that Auletta had a BB gun in his back pocket. Auletta and Ruiz recalled that Boles took the BB gun out of Auletta's back pocket, covered his nose and mouth with his bandanna, pointed the gun at Callaway, and snatched her keys.

According to Auletta and Ruiz, Boles threw the keys to Auletta, who got into the driver's seat. After Ruiz and Boles jumped in the car, the boys drove away. Soon thereafter, a police chase ensued. Auletta testified that he stopped the car and Boles told him to open the trunk. Auletta and Ruiz saw Boles put his bandanna and his jacket into the trunk of the car. All three boys ran, but only Auletta and Boles were apprehended. Ruiz turned himself in on the following day.

Boles contends that because Auletta and Ruiz were his accomplices, their testimony, alone, without independent corroborating evidence, was insufficient to sustain Boles's conviction. We disagree.

In *Pope v. State*,[4] we certified to our Supreme Court the following question: "Can a defendant in a felony case be legally convicted of the offense charged, where the only evidence directly connecting him with the offense charged is the testimony of several accomplices, and where the only corroboration of the testimony of each accomplice is the testimony of the other accomplices?"[5] To answer the question, the Supreme Court construed Section 1017 of the 1910 Penal Code, now codified at OCGA § 24-4-8, which provides: "The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient." Our Supreme Court stated: "If the lawmakers had intended to treat as a nullity the testimony of the witness who was an accomplice, they would undoubtedly have used a more definite term by simply declaring that an accomplice shall be incompetent as a witness."[6] Consequently, the Court held that a defendant could be convicted of a felony where the only evidence against him was the testimony of his accomplices.[7]

Lastly, Boles claims that Auletta was the only witness to identify him as the perpetrator; thus, independent evidence corroborating Boles's identity was required. This assertion is incorrect. Ruiz was asked if he saw in the courtroom the person who grabbed the gun and pointed it at the victim. He pointed at Boles. When asked what Boles was wearing, Ruiz said, "I can't really tell the color because I can't

---

[4] 171 Ga. 655 (156 SE 599) (1930).
[5] (Punctuation omitted.) Id.
[6] Id. at 656.
[7] Id. at 660; *Frazier v. State*, 257 Ga. 690, 699 (16) (362 SE2d 351) (1987); *Slocumb v. State*, 164 Ga. App. 114 (296 SE2d 409) (1982).

see that far, just a button-up shirt." The fact that Ruiz could not determine the color of Boles's shirt does not nullify his positive identification of him or Ruiz's testimony that Boles was the perpetrator. Thus, we find the evidence sufficient to sustain Boles's conviction.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 30, 2002.

*Brown & Gill, Angela Y. Brown*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.