### A03A1616. RUTLEDGE v. THE STATE.
(587 SE2d 808)

MILLER, Judge.

A jury found George Rutledge III guilty of robbery, kidnapping with bodily injury, and aggravated battery. Rutledge appeals, arguing that the evidence was insufficient to sustain his convictions. We discern no error and affirm.

On appeal from a criminal conviction, this Court views the evidence in the light most favorable to the verdict, and the defendant no

---

[8] See *Coleman v. Montgomery County*, 228 Ga. App. 276, 278 (491 SE2d 495) (1997).

longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to the verdict, the evidence showed that as the victim entered the home of an acquaintance, he was hit from behind and pushed to the floor. Several people hit and kicked the victim and then dragged him into the kitchen, where they took his hat, shoes, wallet, lighter, and beeper. The victim identified four of the five persons involved in the attack, but the fifth he only described as the "big guy." He testified that the "big guy" repeatedly asked him "where's the money?" while hitting him in the face. The victim told the attackers that the money was in his truck. They then took the victim to his truck and again asked him for money. When no money could be found, the "big guy" choked the victim. After convincing the attackers that he had to start the truck to retrieve the money from under the dashboard, the victim managed to escape. As a result of the attack, the victim suffered several injuries, including a bruised heart.

Rutledge argues that the evidence was insufficient because the only witnesses connecting him to the crimes were accomplices, and the only other evidence of his guilt was his possession of the victim's stolen beeper. Although the victim could not identify Rutledge in a photographic lineup, he described one of the attackers as the "big guy." Three accomplices testified that Rutledge was among those who attacked and beat the victim and described him as the "big guy" or "big George." It is true that in felony cases, where the only witness is an accomplice, the testimony of the accomplice alone is insufficient to sustain a conviction; but "a defendant [can] be convicted of a felony where the only evidence against him [is] the testimony of [several] accomplices." (Footnote omitted.) *Boles v. State*, 257 Ga. App. 240, 241 (570 SE2d 677) (2002); see also *Slocumb v. State*, 164 Ga. App. 114 (296 SE2d 409) (1982). Here, the accomplices' testimony coupled with Rutledge's possession of the victim's beeper was sufficient to sustain the convictions.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 19, 2003.

*Peter B. Hoffman*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.