## A10A0844. JONES v. THE STATE.
(700 SE2d 885)

SMITH, Presiding Judge.

Wayne Leroy Jones appeals from his aggravated battery conviction and asserts the general grounds. Because the State presented sufficient evidence that Jones committed aggravated battery, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Jones was looking for Jimmy Cho, a school classmate, because he wanted to question him about a statement Cho had made to his girlfriend. Jones and two of his friends, Edward Rhodes and Leon Ducking, went to a bowling alley to look for Cho. When they arrived, they saw a friend of Cho's, Todd Vanderhoof. After Jones asked Vanderhoof if he knew where Cho was, Rhodes reached from behind Jones and punched Vanderhoof through his open car window.

After Vanderhoof drove away, Jones, Rhodes, Ducking, and two other young men began kicking another friend of Cho's who was in the parking lot. The 16-year-old victim suffered from a subdural hematoma on the side of his head requiring surgery, two black eyes, a broken nose, and several cuts.

An eyewitness testified that she saw five boys kicking the victim over and over again. She testified that Jones "was involved, like I saw him kicking but I can't say like where he kicked him or how long or — but I know that [Jones] was involved." Another eyewitness also saw Jones beating up the victim. Ducking also testified that Jones kicked the victim. Finally, although Jones initially denied any involvement, he later admitted that he had kicked the victim three times in the stomach after the police told him that a videotape showed that he had participated. The police deceived Jones about the videotape, and Jones testified at trial that he admitted to something he had not done because he wanted to go home and he thought the videotape "would actually clear up that I did not kick him."

Jones asserts that the evidence was insufficient to support his

conviction because his confession was not corroborated, his accomplice's testimony was not corroborated, and the credibility of the eyewitnesses was called into question during the trial. We disagree. First, both Jones's confession and his accomplice's testimony were corroborated by eyewitness testimony. Second,

> [t]he weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

(Citation, punctuation and footnote omitted.) *Baker v. State*, 273 Ga. App. 297, 299 (1) (614 SE2d 904) (2005). Based on these principles, we conclude that sufficient evidence supports Jones's aggravated battery conviction. OCGA § 16-5-24 (aggravated battery); *Rutledge v. State*, 263 Ga. App. 308, 309 (587 SE2d 808) (2003).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 9, 2010.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Rodney K. Miles, Assistant District Attorneys*, for appellee.