22934. HOGAN v. THE STATE.

Argued April 13, 1965—Decided May 6, 1965.

*William M. Fleming, Jr., Franklin H. Pierce,* for plaintiff in error.

*George Hains, Solicitor General, O. L. Collins, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

Quillian, Justice. ■ The State moved to dismiss the motion

for new trial on the ground that no brief of evidence was filed as a part of the motion for new trial on March 12, 1964, and no valid order extending the time for filing such brief of evidence was ever entered. The trial judge overruled the motion to dismiss the motion for new trial. In this court counsel for the State argue that, since the Governor's order appointing the judge emeritus to serve was for the week of March 2, 1964, the judge was without authority to continue the motion as was done by the order filed on March 12, 1964. It is urged that such failure to file a timely brief of evidence is jurisdictional; that until the motion for new trial is filed in the office of the clerk where the case is pending, it is a mere private paper having no existence in contemplation of the law; that the only judge with power to sign the order filed on March 12, 1964, was the Presiding Judge of Richmond Superior Court, citing *Pendergrass v. Duke,* 140 Ga. 550 (79 SE 129), and *Cross v. State,* 150 Ga. 786 (105 SE 307).

We find no merit in such contention. The cases cited do not deal with this factual situation and, moreover, were decided prior to Ga. L. 1962, pp. 547, 549 (*Code Ann.* § 24-2623a), which reads: "It shall be the duty of all judges emeritus of the superior court to hear and determine any and all motions for a new trial and to certify any and all bills of exceptions in any and all cases tried by such judge emeritus as herein provided. . ." Here the order allowing additional time for filing the brief of evidence was dated March 7, 1964, within the week the Governor designated the judge emeritus to serve. Counsel for the State argue most strenuously that the Governor's order was perfectly valid, yet takes the position that the fact the judge's order, passed within the week he was to serve, was not filed until the next week when the judge emeritus was not empowered to try cases would render it nugatory. Such is obviously not the case, for to so hold would be to abrogate the clear command of the Act of 1962, supra, that: "it shall be the duty of all judges emeritus of the superior court to hear and determine any and all motions for a new trial . . . in any and all cases tried by such judge emeritus. . ."

We now consider the general grounds of the motion for new trial. There is no contention that the corpus delicti, that is, the venue and fact of the crime was not established by suffi-

cient evidence, and as a matter of fact the State's evidence was ample with regard to those matters. The defendant's contention is based upon the sole premise that the evidence was not sufficient to identify him as the culprit who perpetrated the crime charged in the indictment. Hence, we discuss the evidence appearing in the record pertaining to this particular facet of the case.

From the evidence it appeared that the murdered policeman was seeking to apprehend an individual, in a described Chevrolet automobile, who had just robbed a liquor store. The accused was positively identified by one witness, Charles Love, as the man in the Chevrolet the officer had stopped and after passing on by in a car and while turning a corner "not quite a block" away he heard shots from that direction. The witness driving the car Love was in testified as they turned right "within a block" he heard a series of noises "like firecrackers," and that the interval of time was "two to three minutes, maybe." Another witness observed the shooting from a window. Although she could not identify the particular man, she saw the man in the automobile fire several shots, striking the policeman, and then speed away in the car.

There was also other testimony and evidence placing the defendant near the scene of the crime and corroborating, in part, the eyewitness testimony. In this connection, two attendants at the hospital where the defendant was confined testified that, while they were discussing the Wall case, the defendant stated: "I killed the son-of-a-bitch and was glad of it." Both admitted they didn't think anything was unusual about this statement at the time, having been made by an acutely disturbed patient. A police officer testified that prior to the homicide, in 1958, the defendant stated to him: that he would never be arrested by a police officer and "the next 'D' officer that undertook to arrest him, he would kill him."

On the other hand, a witness for the defendant testified he passed the place where the officer had stopped a vehicle and that the man in the automobile was not the defendant; another defense witness, the liquor store operator, testified the accused was not the man who robbed him. It was also brought out that the witness, Love, had made prior contradictory statements to

other persons and had not previously positively identified the accused.

While this recitation might appear to raise some question as to whether there was proof beyond a reasonable doubt, yet, the jury is the exclusive arbiter of the weight and credibility to be given the testimony of witnesses and, even in criminal cases, this court may only ascertain whether there is any evidence to support the verdict. In such circumstances, the general grounds are without merit.

■ The seventh ground of the motion for new trial complains that during the trial the defendant relied exclusively upon the defense of alibi and that the trial court erred in failing to give, without request, a charge on alibi.

The testimony of the defendant, briefly stated, showed: that, on the evening of the homicide, from approximately 6:30 to 8:15 the defendant wandered about town, stopping at various places, speaking to a named individual, gazing in store windows and otherwise pursuing a meandering course on the streets of Augusta which took him near, but not to, the scene of the crime. At around 8:15 he testified he caught a taxicab at Druid Park (at least two blocks from the scene of the crime) which took him to the hospital where he was confined, arriving there around 8:28 and that he then began to walk back towards the liquor store which was robbed. The crime occurred sometime between 8:15 and 8:30 of that evening. Some portions of the defendant's testimony were corroborated by other witnesses, while others, such as the cab driver who testified he picked the defendant up at around 8:30, gave testimony tending to contradict it.

Nevertheless, the defendant's testimony, taken with surrounding circumstances, would authorize a finding that he was absent from the scene of the crime during the time of the homicide.

The defendant's sworn testimony had the same evidentiary value as the testimony of any other witness. *Code* § 38-415, as amended, Ga. L. 1962, pp. 133, 134. *Hudson v. State*, 108 Ga. App. 192, 199 (4) (132 SE2d 508). It would have authorized, if believed by the jury, the defendant's acquittal on the theory of alibi, and was certainly sufficient to present an issue on that defense. Alibi was the defendant's sole defense and the trial judge erred in not charging on that subject. The error excluded

the defendant's only defense from the consideration of the jury and was prejudicial. *Fletcher v. State,* 85 Ga. 666 (11 SE 872); *Moody v. State,* 114 Ga. 449 (40 SE 242); *Mosley v. State,* 165 Ga. 290 (140 SE 754).

The rule that the trial judge need not, without request, charge in reference to a defense presented by the unsworn statement of the defendant has no application where, as in the present case, the defendant is sworn and testified as a witness.

■ There are many other exceptions set out in the remaining special grounds of the motion for new trial, which need not be reviewed, since it is not probable they will reoccur on another trial of the case.

*Judgment reversed. All the Justices concur.*