## 30229. JONES v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted on two counts of rape and four counts of kidnapping. He was sentenced to two life terms for rape and four twenty-year terms for kidnapping, all to run concurrently. This appeal followed.

The evidence shows appellant along with three others at gunpoint abducted two boys and two girls who were "double dating." The boys were restrained while the girls were raped. An alleged accomplice testified to the crimes and identified appellant as a co-conspirator. Appellant entered a general denial and introduced evidence that he was not present. The victims were unable to identify the appellant. *Held:*

1. The evidence was sufficient to support the verdict.

2. The testimony of the co-conspirator was corroborated by appellant's own oral statement to a police officer that, "There ain't but two things that Charles Soloman [the co-conspirator] lied about. We didn't go down there to rob nobody. When we left, we went down there to rape. And another thing Charles Soloman said that I had the gun. I gave the gun to Charles Soloman. I went to the car the second time and went with the blonde headed girl." Soloman's testimony was further corroborated in part by another alleged co-conspirator who was indicted only for kidnapping. The facts of the kidnappings and rapes were established by testimony of the victims, immediate

outcries and medical evidence. *Sims v. State*, 229 Ga. 33 (189 SE2d 68).

3. We find no error in the trial court's charge that the testimony of an accomplice is sufficient to corroborate the testimony of another accomplice. It was applicable here where two accomplices testified and corroborated each other although not as to all material facts. *Walker v. State*, 57 Ga. App. 868, 870 (197 SE 67).

4. The trial court did not err in instructing the jury that, "You are the judges of the law in the case but you take the law as given you in the charge by the court and applying it to the facts as you find the facts to be you return a verdict that speaks the truth of the case. . ." Code Ann. §§ 2-201, 27-2301.

5. The evidence was sufficient to support a finding that appellant's statement was given freely and voluntarily. Among other evidence he waived his Miranda rights in writing.

6. There is no merit in the appellant's contention that the trial court, without request, erred in failing to charge alibi. There was no request to charge alibi nor exception to the court's charge. The court charged, "The defendant further contends that he has not been identified as the person committing any offense. If you do not believe that this defendant has been identified to a reasonable and moral certainty and beyond a reasonable doubt that he is the person who has perpetrated an offense if you find an offense has been perpetrated, then, of course, you would return a verdict of not guilty insofar as that count is concerned; and, if from a consideration of the evidence or from a lack of evidence or from a conflict of the evidence, you believe these contentions of the defendant to be the truth of the case as to either count or if you believe either of these contentions of the defendant to be the truth of the case of a particular count, it would be your duty as to that particular count to acquit him. . ." In the absence of a request to charge, "Where the question of personal identity and the fact of *alibi* are virtually the same defense, the omission of the court to instruct separately on *alibi* is not error." *Dale v. State*, 88 Ga. 552 (6) (15 SE 287).

7. Enumerations of error not argued are deemed

abandoned.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED AUGUST 15, 1975 — DECIDED SEPTEMBER 11, 1975.

*Grace W. Thomas,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General,* for appellee.