## 53090. PIERCE v. THE STATE.

SMITH, Judge.

Fred Pierce was convicted of robbery by force and sentenced to serve 15 years. He appealed. He enumerates error on the insufficiency of the evidence; because the in-court identification of appellant as the robber by the victim was tainted by a pre-trial examination of photographs; that the trial court erred in not charging on the defense of alibi; and erred "in failing to charge the jury on the law applicable to identification testimony in that the State has the burden of proving identity beyond a reasonable doubt and that identification testimony is an expression of belief or opinion by a witness." *Held:*

1. Shortly after the occurrence in Savannah, Georgia, the police presented the victim five black and white photographs of five black males and he picked out one of them as the man who robbed him of his pistol after the defendant's companion had hit him on the head with a mallet. Appellant contends the officer, when presenting the photographs for identification informed the victim "that the owner of the get away car was among them." The transcript of the proceeding, which includes the testimony, fails to disclose this; nor does appellant point out where it may be found. The photographs submitted are not in the record, nor any description of them other than as stated above. The record discloses no impermissibly suggestive procedure so as to give rise to a very substantial likelihood of irreparable misidentification. See in this connection Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247). The case of *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622) which distinguishes the Simmons case on its facts, has, because of this difference in facts, no application to the present case.

2. There was no error in failing to charge on alibi. The defendant never claimed, as contended in appellant's brief, that he was in Detroit on July 30, 1973, the date of the occurrence under investigation; on the contrary, he testified he did not know where he was on that date, and testified only that he returned to Detroit in June to go back to work for the Chrysler Corporation, and there was

no testimony as to his having remained there through the date of the robbery. When questioned as to this particular date, he merely denied his presence at the scene of the crime on that particular day without specifying where he was other than that he was "messin' with the boys somewhere." There was testimony from an automobile dealer that the alleged getaway car was purchased the day before the robbery by the defendant. When the photographs of this car were exhibited to the defendant, he merely stated that he could not say whether it was or was not the car purchased by him. The automobile dealer identified the photographs as being the car purchased by the defendant.

While it would probably have not been error to charge on alibi under this evidence (*Taylor v. State,* 155 Ga. 785 (1) (118 SE 675)), yet where the evidence relating to alibi is not clear and of strong probative value, the failure to charge thereon, in the absence of a proper request, will not be cause for reversal. *Jenkins v. State,* 13 Ga. App. 82 (1) (78 SE 828); *Jones v. State,* 235 Ga. 103 (6) (218 SE2d 899); *Bonner v. State,* 26 Ga. App. 185 (6) (105 SE 863); *Spirakis v. State,* 27 Ga. App. 53 (1) (107 SE 575); *Jones v. State,* 46 Ga. App. 663 (2) (168 SE 910).

3. Nor was there error, in the absence of a request, in failing to charge that the state has the burden "of proving the identity of the accused beyond a reasonable doubt." The court charged generally that the burden was on the state to prove the defendant committed the offense charged beyond a reasonable doubt. If the defendant desired said principle applied to a particular element of the case, he should have made a proper request to do so.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 2, 1976 — DECIDED JANUARY 5, 1977.

*R. B. Donaldson, Jr., John R. Calhoun,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Michael K. Gardner, Robert M. Hitch, III, Assistant District*

*Attorneys,* for appellee.