## 53226. HOWARD v. THE STATE.

SHULMAN, Judge.

Appellant brings this appeal from a judgment on a jury verdict of guilty following indictment and trial for robbery by force.

1. Appellant contends that in admitting testimony

of an oral confession the trial court erred because there was no proof of a confession nor that he was advised of his legal rights, because he lacked sufficient mental competence to waive his rights, and because he was denied the presence of an attorney during questioning. The record does not support this contention. Prior to any testimony concerning a confession, a Jackson v. Denno hearing was held outside the presence of the jury. The testimony at that hearing was sufficient to support the court's ruling that the confession was voluntary. *Stapleton v. State,* 235 Ga. 513 (1) (220 SE2d 269). In addition, the charge of the court clearly allowed the jury to make its own determination of voluntariness. *Newton v. State,* 132 Ga. App. 873 (2) (209 SE2d 690). There was no error in admitting testimony of the confession.

2. The appellant asserts that his character was impermissibly put into issue by testimony that a police officer, upon hearing a description of a suspect, supplied appellant's name to another police officer. It is claimed that the jury would infer from that testimony alone that appellant had a prior criminal record. Previous decisions have held that more clearly prejudicial statements, e.g., that the witness was shown "mug shots" of the defendant, did not inject the defendant's character into issue. *Thomas v. State,* 128 Ga. App. 538 (5) (197 SE2d 452). See *James v. State,* 223 Ga. 677 (157 SE2d 471). This argument is without merit.

3. The third enumeration of error is that questions asked a defense witness by the trial judge were an expression of his disbelief of her testimony. Examination of a witness by the court is proper unless the judge expresses an opinion on the facts or as to what has been proven, or conducts the questioning in an argumentative manner. *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78). It appears from the record that the court in this case was attempting to ascertain the basis for an unsupported statement by the witness that appellant called her from a specified place. This does not rise to the level of an expression of disbelief and the enumeration is without merit.

4. In his fourth enumeration of error, a more serious question arises. Appellant contends that the trial court

should have charged the jury on the defense of alibi. "It is reversible error to fail to charge on the defense of alibi where there is *some evidence* to support such defense, even in the absence of a request." *Willingham v. State,* 131 Ga. App. 851 (1) (207 SE2d 249).

Here, appellant testified under oath that he left a named friend's home at 6:00 p.m., walked slowly to the home of another friend in the vicinity, left there around 8:00 p.m., and went directly home. It had been established earlier in the trial that the robbery was committed at approximately 7:00 p.m. in another part of town. If appellant's testimony were believed, it would have established the requisite "impossibility of the accused's presence at the scene of the offense at the time of its commission" (Code Ann. § 38-122), and was sufficient to present an issue of the defense of alibi. *Hogan v. State,* 221 Ga. 9 (3) (142 SE2d 778). The court's failure to charge the jury on that defense was error when that was his only defense and requires reversal of the conviction.

5. The fifth enumeration of error, denial of appellant's motion for new trial, is well taken in light of our holding in Division 4 of this opinion.

*Judgment reversed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 8, 1977.

*Robert Bearden,* for appellant.
*Walker P. Johnson, Jr., District Attorney,* for appellee.