## 56586. CALLAHAN v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for violation of the Georgia Controlled Substances Act. His sole enumeration of error is that the trial judge erred in failing to charge the jury on alibi, even though no request for such a charge was made.

The state alleged that the defendant sold marijuana to an undercover GBI agent on April 28, 1977. The defendant testified that "me and a friend was [sic] out drinking one day around that time 'cause I wasn't working." When asked on cross examination if he was sure where he had been on April 28th, the defendant responded, "Yes, sir, I'd say I was over at the bars. If I wasn't with that guy [his friend]— I'd say I was over at the bars 'cause that's where I would go when I ain't working, 'cause that's where I shoot pool. . ." The friend defendant claims to have been with on April 28th did not testify at trial. *Held:*

Under these circumstances, the trial judge did not err, in the absence of a request, in failing to charge on alibi. "While it would probably have not been error to charge on alibi under this evidence (*Taylor v. State,* 155 Ga. 785 (1) (118 SE 675)), yet where the evidence relating to alibi is not clear and of strong probative value, the failure to charge thereon, in the absence of· a proper request, will not be cause for reversal. *Jenkins v. State,* 13 Ga. App. 82 (1) (78 SE 828); *Jones v. State,* 235 Ga. 103 (6) (218 SE2d 899); *Bonner v. State,* 26 Ga. App. 185 (6) (105 SE 863); *Spirakis v. State,* 27 Ga. App. 53 (1) (107 SE 575); *Jones v. State,* 46 Ga. App. 663 (2) (168 SE 910)." *Pierce v. State,* 140 Ga. App. 894, 895 (232 SE2d 167) (1977).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED SEPTEMBER 25, 1978.

*M. Gene Gouge*, for appellant.

*Charles A. Pannell. Jr., District Attorney, Bruce Hinshelwood, Assistant District Attorney,* for appellee.