## 57572. JONES v. THE STATE.

SHULMAN, Judge.

Defendant was tried and convicted on two counts of armed robbery. On appeal, we affirm.

1. Appellant contends on the general grounds that the evidence adduced at trial was insufficient to authorize his conviction. We disagree.

"On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. [Cits.]" *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

As there was circumstantial evidence tending to prove the guilt of the defendant as well as in-court identification of the defendant as the perpetrator of the crime by one of the victims of the crime, the evidence authorized the jury's verdict of guilty.

2. We find no merit in appellant's contention that the trial court, without request, erred in failing to charge alibi.

Defendant testified that on the afternoon of the robbery, he went to meet a young lady at a Pizza Hut

sometime after 1:00 p.m.; that later he told her he was "going around the street a little while . . ."; that he returned to the Pizza Hut "maybe quarter to three" and stayed "maybe an hour" or "maybe an hour and a half." The friend defendant claims to have met did not testify at trial.

The robberies with which defendant was charged occurred about 3:30 p.m., but sometime before 4:00 p.m., at which time the police were notified. As defendant was vague as to the exact times of his alibi, his testimony, even if believed, would not necessarily have made it impossible for him to have committed the crime. " 'It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi, especially in the absence of a request for such a charge, is not error. [Cits.]' " *Parrott v. State* 133 Ga. App. 931 (3) (213 SE2d 77).

" 'While it would probably have not been error to charge on alibi under this evidence [cit.], yet where the evidence relating to alibi is not clear and of strong probative value, the failure to charge thereon, in the absence of a proper request, will not be cause for reversal. [Cits.]' " *Callahan v. State,* 147 Ga. App. 301 (248 SE2d 561).

Moreover, the court instructed the jury on the question of personal identity. "In the absence of a request to charge, 'where the question of personal identity and the fact of *alibi* are virtually the same defense, the omission of the court to instruct separately on *alibi* is not error.' [Cit.]" *Jones v. State,* 235 Ga. 103 (6) (218 SE2d 899).

As the foregoing enumerations of error are without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 3, 1979 — DECIDED JULY 10, 1979.

*R. Allen Hunt, Charles Gary Hodges,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet,*

*Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.