## 62239. McGEE et al. v. THE STATE.

SOGNIER, Judge.
Danny McGee, his wife, Theresa, and his brother, Charles, were convicted of burglary. They contend that the evidence, being purely

circumstantial, was not sufficient to support the verdict, and that the trial court erred by failing to charge the jury on their sole defense, alibi.

1. The home of Jerry Smith was burglarized while he, his wife and stepson were at work during the night of July 15-16, 1980. The Smiths' next door neighbor, a used-car salesman, had seen a 1971 or 1972 Grand Prix Pontiac "running loud" drive into the Smiths' driveway around 3:00 a.m.; three people got out of the car. This information was related to the Smiths, who knew that the McGees had a 1972 Grand Prix with loud mufflers. Consequently, the Smiths drove past the McGees' home (a trailer) and thought they recognized their portable television set sitting in the window of the McGee's trailer. Jerry Smith drove up to the trailer, got out of the car, and verified that the television set, one of the items stolen, was his. Danny and Charles McGee were sleeping in the room where the TV was sitting. When Smith knocked on the door, they awakened; when they saw Smith, Charles grabbed the TV and ran to the back of the trailer with it. Smith left and called the sheriff; by the time they returned to the trailer, Charles and Danny McGee were gone. Neither the TV nor any other item taken in the burglary has been recovered. Both Smith and his wife positively identified the TV set in the McGees' trailer as theirs. Danny, Theresa and Charles McGee all testified that they arrived home about 1:00 a.m. and went to sleep about 2:00 a.m.; they denied committing the burglary.

The standard applied to circumstantial evidence is set forth in Code Ann. § 38-109, which provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." "The term 'hypothesis' as used in Code § 38-109 refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act. [Cit.]" *Hunter v. State,* 91 Ga. App. 136, 138 (85 SE2d 90) (1954). See also *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714) (1941).

Although appellants contend the only evidence in the instant case was circumstantial, there was direct evidence from the Smiths that they saw their TV set in the McGees' trailer a few hours after the burglary of their home occurred. Although the McGees denied having the Smiths' TV set, the Smiths positively identified the set in McGees' trailer as one stolen from their home. The fact that stolen goods were in appellants' possession shortly after commission of the

burglary would, in and of itself, authorize the jury to infer that appellants were guilty, unless they explained satisfactorily their possession of such stolen goods. *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303) (1976). Thus, the jury was authorized to find from the direct evidence alone that appellants were guilty. Accordingly, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellants' guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellants contend it was error for the court to fail to charge the jury, without request, on the defense of alibi. The only evidence of alibi was the testimony of appellants that they were at home asleep when the burglary occurred. It is not error, in the absence of a written request to do so, to fail to charge the defense of alibi when the evidence is not such "as reasonably to exclude the possibility of presence," *Patrick v. State,* 245 Ga. 417, 422 (7) (265 SE2d 553) (1980), or is not " 'clear and of strong probative value.' " *Callahan v. State,* 147 Ga. App. 301 (248 SE2d 561) (1978).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided September 30, 1981.

*William Earl Glisson,* for appellants.
*Stephen A. Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for appellee.