## 63197. COILE v. THE STATE.

Quillian, Chief Judge.

Defendant appeals her conviction for armed robbery. *Held:*

1. A police officer state's witness testified that in response to a lookout he had located the automobile used in the robbery in the vicinity of a certain restaurant. When asked if he subsequently went to the restaurant, he stated that he had because he had received a radio message that a wanted person was at the restaurant, with defendant's name given, which told him "that we had outstanding bad check warrants on her." A defense motion for mistrial because this testimony had improperly placed defendant's character in issue was denied and the trial court instructed the jury to disregard the testimony concerning other offenses.

Defendant asserts error in the denial of the mistrial, relying on *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396), where it was held that an instruction to disregard such testimony was an insufficient cure because an experienced police officer who should know better had deliberately placed defendant's character in issue.

The facts in the instant case are different. The officer was responding in narrative form to questions about what he did to locate the perpetrators of the robbery. The remark concerning bad checks explained what had led him to defendant, and does not appear to be an attempt to strengthen a weak case as was inferred in *Boyd v. State,* supra. Compare *Lee v. State,* 154 Ga. App. 562 (3) (269 SE2d 65); *Jackson v. State,* 156 Ga. App. 255 (2) (274 SE2d 665).

"Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. [Cits.]" *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529).

There was no error in denying a mistrial.

2. Error is enumerated because the trial court failed to charge on the affirmative defense of coercion. Defendant did not request such a charge and her counsel stated that he had no objections "at this time" to the charge as given.

Pretermitting whether defendant properly preserved the right to raise this issue on appeal, we find no merit in the enumeration.

The state's evidence showed that defendant acted as the driver of the getaway car for Oliver, her male companion, who actually performed the robbery. The only evidence bearing on coercion was in defendant's testimony where she stated that the only reason she had a relationship with Oliver, which had existed for a period of three and a half years, was her fear of his physically harming her or members of her family. She did not testify that at the time of the robbery she was under any duress or compulsion from Oliver to participate in the robbery. She did testify that she thought Oliver was going to make a telephone call and had no knowledge that he intended to commit or was committing a robbery.

Code Ann. § 26-906 (Ga. L. 1968, pp. 1249, 1274) provides that coercion is a defense to a crime other than murder if the act on which criminal liability is based "is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury."

Since there is no evidence that defendant's participation in the robbery was because she believed at the time it was the only way to prevent her imminent death or great bodily harm, there was no error in failing to charge on coercion. *Jones v. State,* 154 Ga. App. 806 (3) (270 SE2d 201); *Wilson v. State,* 151 Ga. App. 501 (7) (260 SE2d 527).

3. The remaining enumeration is the general grounds.

We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 22, 1982.

*Charles A. Tingle,* for appellant.
*Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.