## 63414. CURRY v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of forgery in the first degree.

1. The evidence is sufficient to support the verdict of guilty. "The jury was authorized to disbelieve the appellant's testimony and to accept the cashier's testimony that the appellant had forged the endorsement. [Cit.]" *Williams v. State,* 143 Ga. App. 177 (237 SE2d 677) (1977). "Identity of the defendant is an issue for the trier of fact and the credibility of the witness [identifying the defendant] . . . is not to be decided by this court. [Cit.]" *Tate v. State,* 153 Ga. App. 508, 510 (2) (265 SE2d 818) (1980). "Issues regarding credibility of witnesses must be resolved solely by the jury. [Cit.] In this instance the jury, obviously, chose to believe the state's witnesses." *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423) (1980). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the course of the cross-examination of the individual whose endorsement had been forged to the check, appellant's counsel asked: "In other words, what you're saying is nobody really had permission to cash that check, but you weren't really intending to press charges?" Appellant enumerates as error the trial court's sustaining of a relevancy objection to this question. "There was no error in repelling evidence as to reluctance of the [witness] to prosecute. [Cit.]" *Reid v. State,* 129 Ga. App. 657, 659 (4) (200 SE2d 454) (1973). "That the accused and the prosecutor may have, since the commission of the offense, 'made up' and become good friends, is irrelevant. [Cit.] Matters of this kind do not, in any reasonable degree, tend to establish the probability, or lack thereof, of the issue in controversy. [Cit.]" *Williams v. State,* 126 Ga. App. 302, 304 (190 SE2d 807) (1972).

3. Appellant enumerates as error the failure of the trial court to charge without request on his "sole" defense of mistake of fact. Appellant was not tried on the theory that he had aided and abetted another in the commission of the crime of forgery but rather on the theory that he had directly committed the crime. Compare *Bowers v. State,* 153 Ga. App. 894, 897 (2) (267 SE2d 309) (1980). Appellant denied that he had committed *any* act criminal whatsoever. It was appellant's contention that all criminal acts which the state's evidence showed that he had committed had been committed by another. "A person shall not be found guilty of a crime *if the act or*

*omission to act constituting the crime* was induced by a misapprehension of fact, which, if true, would have justified the act or omission." (Emphasis supplied.) Code Ann. § 26-705. Having denied the commission of any act of forgery, appellant's defense was not premised upon an admitted but mistaken "act." Under the evidence either appellant committed the forgery or someone other than appellant committed that criminal act. This evidence does not raise the defense of appellant's mistake of fact and, accordingly, it was not error to fail to charge on that defense. *Gunter v. State,* 155 Ga. App. 176 (3) (270 SE2d 224) (1980). Compare *Arnold v. State,* 157 Ga. App. 714 (1) (278 SE2d 418) (1981).

*Judgment affirmed. Quillian, C. J. and Shulman, P. J., concur.*

DECIDED APRIL 8, 1982.

*Bobby Bearden,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.