## 64853. PEARSON v. THE STATE.

BIRDSONG, Judge.

Charles W. Pearson was convicted of the armed robbery of a gas station-convenience store. The store manager at about 8:00 a.m. observed a certain vehicle drive slowly through the station lot and then leave; she wrote the vehicle's tag number down as TDH-960 because she considered the circumstances suspicious. At 3:00 p.m., the same individual she had earlier seen, driving the same car, drove into the lot, came into the store and robbed her at gunpoint. As the robber left, the store manager saw that the front plate of the car read "1980 Heisman Trophy Award." She saw the rear tag number and wrote it down as THD-960. She called the police and when they arrived described the robber in detail. The vehicle was traced to Mrs. Grady Rogers, who told police that she had lent the car to the appellant. The store manager viewed a photographic lineup and identified the appellant as the robber.

Appellant's sole enumeration of error on appeal is that, notwithstanding his failure to request a jury charge on the defense of alibi, the trial court erred in failing to give the charge. *Held:*

We find no reversible error.

The appellant testified that he went to the store at about 8:00 a.m. in Mrs. Rogers' car to get gas, but there were so many cars he decided not to get gas; he then went to his brother's house which was

about eight blocks from the store, but returned to the store at 10:00 or 10:30 a. m. at his brother's request to get beer. He testified he bought beer and cigarettes, or beer and "certs," and then returned to his brother's house eight blocks away and stayed there until 6:30 p.m. He further testified he had to take Mrs. Rogers to pay her telephone bill before 6:00 p.m. and that he did take Mrs. Rogers to the telephone company to pay her bill late in the afternoon. He also testified he sat around at his brother's house until he had to take Mrs. Rogers to get her hair fixed, but that she changed her mind and decided she had rather pay her telephone bill. Neither appellant's brother nor Mrs. Rogers testified.

The defense of alibi necessarily involved the impossibility of the accused's presence at the scene of the offense at the time of its commission; but to mandate a charge on alibi, absent a proper request, "the range of the evidence, in respect to time and place must be such as reasonably to exclude the possibility of presence." Code Ann., § 38-122; *Parrott v. State,* 149 Ga. App. 377 (254 SE2d 497). The appellant in effect merely testified that he was not present at the offense because he was somewhere else (see *Watson v. State,* 136 Ga. 236, 239 (5) (71 SE 122)); but his testimony as to range of time and place was vague and contradictory (*Plemons v. State,* 155 Ga. App. 447, 453 (270 SE2d 836)), and inconclusive (*Jones v. State,* 150 Ga. App. 645 (258 SE2d 297)); (*Jenkins v. State,* 13 Ga. App. 82 (78 SE 828)); and the brother whom appellant claimed he was with did not testify (*Callahan v. State,* 147 Ga. App. 301 (248 SE2d 561); see *Watson,* supra). Under these circumstances, we will not reverse a conviction merely on the failure to charge the defense of alibi, when the appellant did not request such a charge.

Moreover, in addition to fully charging the jury on the presumption of innocence, the state's burden of proof beyond a reasonable doubt, and as to the credibility of the witnesses, the trial court charged that if "you believe the contentions of the defendant to be the truth of the case . . . or if there rests in your minds a reasonable doubt as to his guilt . . . it would be your duty to acquit. . . ." The verdict of guilty in the case, following such a charge, precludes any reasonable possibility that the jury believed the appellant's contentions as to alibi or entertained a reasonable doubt as to his guilt based on alibi, but nevertheless found him guilty merely because an alibi charge was not given in the precise language of the statute. See *Hobgood v. State,* 162 Ga. App. 435 (291 SE2d 570).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 8, 1982.

*Lawrence L. Schneider,* for appellant.
*Robert Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.