## 66197. GRUBBS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant Walter L. Grubbs and his wife were indicted and tried for cruelty to children in that they maliciously caused their son, Deldrick Brown, cruel and excessive pain by striking and beating him. The evidence adduced at trial showed that the wife brought the child, who was twenty months old, into the hospital on December 18, 1981, in a very comatose condition. He had suffered a severe blow to the head that caused substantial, and likely permanent, brain damage. In addition to the head injury, the child had a multitude of bruises and scratches on his face, bruises on his upper thighs and a suspected cigarette burn on his finger. Moreover, previous injuries were indicated by small scars all over his body and several fractures in old broken bones in different parts of the body in varied stages of healing, including his collarbone, a rib, both forearms and possibly a leg bone.

Both defendants denied inflicting a blow to the child's head or any instance of cruelty to him. Defendant Walter Grubbs admitted spanking the child on December 16, 1981, but asserted it was limited to a few slaps with an open palm on the child's hip because the child "didn't want to eat that afternoon." He also claimed that the child had fallen from the top bunk of a bunkbed that day, but, because the child did not appear to be hurt, he neither did anything about it nor mentioned it to his wife or anyone else.

The jury acquitted the wife and convicted the husband who appeals, challenging the jury charge given by the court. *Held:*

1. Defendant contends generally that the trial court committed reversible error in failing to tailor its jury instructions to the charge in the indictment and the evidence admitted at trial. See *Walker v. State,* 146 Ga. App. 237, 244 (2) (246 SE2d 206). Defendant appears to be challenging the jury charge in two regards: (1) the court's failure to refer to the date of the alleged offense and (2) the court's failure to charge on the defense of accident.

In the indictment, defendant and his wife were charged with cruelty to children in that they "on the 16th day of December, 1981, did maliciously cause DELDRICK BROWN, a child under the age of

eighteen, cruel and excessive physical pain by striking and beating said DELDRICK BROWN." In the jury charge, the trial court stated that "the Grand Jury has returned a bill of indictment against the defendants charging them with the offense of cruelty to children," followed by a general charge on indictments and followed later by the statutory definition of "cruelty to children." See OCGA § 16-5-70 (b) (formerly Code Ann. § 26-2801) (Ga. L. 1968, pp. 1249, 1322; 1978, pp. 228, 229; 1981, p. 683).

Defendant's argument is in effect that he was charged with cruelty to his child *on* December 16, 1981, and the trial court, by failing to specify this in its charge to the jury, allowed the jury to consider all the bruises, scratches, scars and broken bones suffered by the child as bearing directly on guilt or innocence rather than as circumstantially showing that he abused the child on that date. We find this argument unpersuasive. The jury knew what defendant was charged with because they had the indictment and the trial court charged that "[t]he burden is upon the State to prove every material allegation in the bill of indictment to a moral and reasonable certainty and beyond a reasonable doubt."

The alleged date of the offense was not a "material allegation" in the indictment. "The indictment in the present case did not limit the charge specifically to the date alleged and no other date, as was the case in *Worley v. State,* 88 Ga. App. 786 (77 SE2d 769)." *Carmichael v. State,* 228 Ga. 834, 837 (2) (188 SE2d 495). Unless the indictment expressly limits the charge to the date specified, as was done in *Worley v. State,* supra, the date indicated in the indictment is generally material only for statute of limitations purposes. See *Carmichael v. State,* supra; *Gravitt v. State,* 220 Ga. 781, 783 (2) (141 SE2d 893). See also *Johnson v. State,* 153 Ga. App. 771, 772 (2) (266 SE2d 551); *Decker v. State,* 139 Ga. App. 707, 709 (5) (229 SE2d 520).

2. Defendant's second challenge to the jury charge is that the trial court failed to charge on the defense of accident. The charge was not requested. A defendant is entitled to an unrequested charge on a particular defense only when it is his sole or principal defense and it is supported by the evidence. *Maddox v. State,* 152 Ga. App. 384, 386 (2) (262 SE2d 636); *Pullen v. State,* 146 Ga. App. 665, 668 (3) (247 SE2d 128). We find that defendant failed to meet either condition, both of which must be met before an unrequested charge must be given.

Defense counsel asked each of the state's expert witnesses on cross-examination whether the child's head injury could have been caused by a fall from the top bunk of a bunkbed. He received responses of "if it was substantially higher than 10 feet"; "it would be unlikely"; and, "I still think this is a little bit more than a 10 foot injury." Defendant later testified that the child had fallen from the

top bunk of a bunkbed on December 16, 1981. From this, defendant asserts that "accident" was his sole defense. "We find contrarily that 'accident' was not in fact [his] sole defense. [His] principal defense appears to have been the general defense of lack of knowledge; [his] attempts to show that the injuries to the child could have been sustained accidentally appear only incidental thereto." *Fain v. State,* 165 Ga. App. 188, 189 (3) (300 SE2d 197). See also *Curry v. State,* 162 Ga. App. 71 (3) (290 SE2d 179); *Jones v. State,* 161 Ga. App. 610, 611 (4) (288 SE2d 788); *Pullen v. State,* 146 Ga. App. 665, 669 (3), supra. See generally *Pippins v. State,* 224 Ga. 462 (4) (162 SE2d 338); *Hogan v. State,* 221 Ga. 9 (3) (142 SE2d 778); *Harris v. State,* 145 Ga. App. 675 (244 SE2d 620).

Furthermore, while it is the rule that any evidence, however slight, will justify a charge relating to issues raised by that evidence (see *Williams v. State,* 156 Ga. App. 17, 18 (2) (274 SE2d 71)) and that if there is evidence to support a principal defense, that defense must be charged to the jury, with or without a request (*Booker v. State,* 247 Ga. 74 (274 SE2d 334); *Howard v. State,* 141 Ga. App. 238, 240 (4) (233 SE2d 58)), a trial court is not required to give an unrequested charge on a defense unsupported by the evidence. See *Pearson v. State,* 164 Ga. App. 337, 338 (297 SE2d 98); *Bearden v. State,* 163 Ga. App. 434, 435 (4) (294 SE2d 667); *Curry v. State,* 162 Ga. App. 71, supra; *Coile v. State,* 161 Ga. App. 51, 52 (2) (288 SE2d 859); *McGee v. State,* 159 Ga. App. 763, 765 (2) (285 SE2d 224); *Callahan v. State,* 147 Ga. App. 301 (248 SE2d 561); *Howard v. State,* 141 Ga. App. 238, supra; *Fuller v. State,* 138 Ga. App. 241 (1) (225 SE2d 718).

In the case sub judice, the only evidence even somewhat supportive of an accident defense is the testimony of defendant. While being mindful that the trial court cannot invade the province of the jury by arbitrarily rejecting a defense theory raised by the defendant's testimony as unworthy of belief and refusing to charge upon the issue raised (*Spradlin v. State,* 151 Ga. App. 585, 586-87 (1) (260 SE2d 517)), we find that defendant's testimony was insufficient to raise the defense of accident. Defendant testified that the child fell from the bed, but there is absolutely no evidence that the child was injured by the purported fall or that he even could have suffered, from the fall, the injury including the multitude of bruises and scratches, discovered by the doctors. On the contrary, it is undisputed that the fall, if a fall did occur, could *not* have caused the injury. Defendant's testimony, and the defense in general, simply fell short of creating an issue for the jury that the injury suffered by the child may have been caused by an accident. Therefore, we hold that the trial court did not err in failing to give an unrequested charge on the defense of accident.

3. There is no merit in the related contention that the jury charge violated Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) because it was so general that it shifted the burden of persuasion to defendant.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1983 —
REHEARING DENIED JULY 8, 1983.

*Jerry M. Daniel,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.