A89A1206. SANFORD v. THE STATE.
(386 SE2d 899)

POPE, Judge.

Defendant was convicted of possession of cocaine found during a search of his home conducted pursuant to a search warrant. We affirm.

1. The cocaine was found inside a folded social security card issued in defendant's name in a wallet containing a driver's license and other forms of identification in defendant's name. The wallet was found on top of a chest of drawers in the master bedroom of defendant's residence. We reject defendant's argument that the evidence was insufficient to establish he was in possession of the contraband. " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' [OCGA § 24-4-6.] A reasonable hypothesis as used in this Code section refers only to 'such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; (it) does not mean that the act might by bare possibility have been done by someone else.' *McGee v. State*, 159 Ga. App. 763 (1) (285 SE2d 224) (1981); see also *Jerdine v. State*, 137 Ga. App. 811 (224 SE2d 803) (1976)." *Prescott v. State*, 164 Ga. App. 671, 672 (297 SE2d 362) (1982) (in which sufficient evidence was found to convict defendant of possession of contraband found in a pocket of a coat hanging in a bedroom closet in which defendant ordinarily hung his clothes). See also *Lawrence v. State*, 175 Ga. App. 855 (334 SE2d 718) (1985) (in which sufficient evidence was presented to support a conviction for possession of contraband inside a purse containing the defendant's driver's license which was found in a trash dumpster toward

which defendant had been seen moving before she disappeared).

2. Contrary to defendant's argument, the affidavit presented to the magistrate was sufficient to establish probable cause to issue the search warrant. The officer affiant stated that he had known the confidential informant for more than twelve months and that the informant had previously provided the officer with information leading to the arrest and convictions of more than three people for possession and sale of cocaine. Under the "totality of the circumstances" test the affidavit provided sufficient information to enable the magistrate to make a common-sense decision that there existed a fair probability that contraband would be found at the specified residence. See *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984); *Mincey v. State*, 180 Ga. App. 898 (1) (350 SE2d 852) (1986).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Robert M. Bearden, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Sharon T. Ratley, Thomas J. Matthews, Assistant District Attorneys*, for appellee.