A92A2219. JENKINS v. THE STATE.
(428 SE2d 410)

POPE, Chief Judge.

Defendant Dennis Earl Jenkins was convicted of arson in the first degree and appeals on the grounds that the evidence was insufficient to sustain the conviction and, for that reason, the trial court erred in denying his motion for directed verdict of acquittal.

The evidence was wholly circumstantial. Evidence was presented that defendant was involved in a stormy relationship with a woman who lived at the house at issue in this case. The fire erupted at approximately 4:30 a.m. In the evening and early morning hours before the fire erupted, defendant and the woman had a heated disagreement. The woman testified defendant left the premises at approximately 2:00 a.m. He was later seen driving his truck around the neighborhood and approximately 15 minutes before the fire was noticed, he parked his truck in a nearby driveway, walked around and stood and stared at the house. When the fire was discovered, defendant was the first to arrive at the scene, driving up in his truck with his brother, who lived less than one-half mile away. He told several people he had come because he had been asleep and dreamed that the house was on fire. An expert witness who examined the scene testified he discovered no evidence to support the conclusion that the fire had started by accident and concluded from the evidence that the fire had started by setting the window curtains in one of the bedrooms on fire. One of the residents of the house described how the windows in that bedroom could be opened.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt

of the accused." OCGA § 24-4-6. "A reasonable hypothesis as used in this Code section refers only to such reasonable inferences as are ordinarily drawn by ordinary [persons] in the light of their experience in everyday life; it does not mean that the act might by bare possibility have been done by someone else [or by some other means than a criminal act]." (Citations and punctuation omitted.) *Sanford v. State,* 193 Ga. App. 18 (1) (386 SE2d 899) (1989). "In order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law." (Citations and punctuation omitted.) *Redwine v. State,* 188 Ga. App. 638 (373 SE2d 804) (1988).

Given the evidence of defendant's motive, opportunity and his statement at the scene that was inconsistent with the observation of other witnesses, the jury was authorized to find that every reasonable hypothesis save that of guilt was excluded. We conclude the evidence in this case was sufficient, as a matter of law, to support the verdict.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 24, 1993.

*Ernie M. Sheffield,* for appellant.
*J. Brown Moseley, District Attorney,* for appellee.