## S07A0874. WALKER v. THE STATE.
### (651 SE2d 12)

MELTON, Justice.

Larry Walker was convicted of malice murder, felony murder, and rape in connection with the death of Joanne Hankamer.[1] Walker appeals, challenging the sufficiency of the evidence and the trial court's failure to give his requested jury charges on DNA evidence and impeachment. Finding no error, we affirm.

On appeal of a criminal conviction, this Court's duty is to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (II) (B) (99 SC 2781, 61 LE2d 560) (1979). The appellant no longer enjoys the presumption of innocence. *Rankin v. State*, 278 Ga. 704 (606 SE2d 269) (2004). Moreover, the Court does not re-weigh the evidence or resolve conflicts in testimony, but rather defers to the jury's assessment of the weight and credibility of the evidence. Id.

---

[1] The crimes occurred on December 14, 1989. Walker was indicted on June 27, 2005 on charges of malice murder, felony murder, and rape. On April 26, 2006, a jury found Walker guilty on all charges. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the trial court sentenced Walker to two consecutive life sentences for the remaining two counts. Walker's motion for a new trial, dated May 25, 2006, was denied on December 19, 2006. Walker's timely appeal was docketed in this Court on February 28, 2007, and submitted for decision on the briefs.

Viewed in the light most favorable to the verdict, the evidence showed that, at around 10:00 p.m. on December 13, 1989, Hankamer left her boyfriend's home near Candler Park and walked down McClendon Avenue toward her own home. Her body was discovered the next day in a wooded area near Candler Park, about 80 feet from McClendon Avenue. Hankamer's pants and underwear were pulled down and twisted around one of her legs. Her nose was broken and her upper jaw had been fractured.

Upon examination of Hankamer's body, the medical examiner determined that Hankamer had been strangled or choked as evidenced by hemorrhages in her eyes, bruising on her neck, and bleeding around her voice box and brain. The medical examiner also discovered bruising to the entry of the vagina and the presence of sperm. As part of the examination, the medical examiner collected swabs of the sperm, labeled the swabs, and individually packaged them. A police investigator then took the swabs to the Georgia Bureau of Investigations' crime lab, where they were received by a forensic serologist and stored in the crime lab's cold room.

No leads developed in the case for twelve years. However, in 2002, a buccal swab was taken from the inside of Walker's cheek pursuant to OCGA § 24-4-60, which requires collection and input of inmates' DNA profiles into the state's Combined DNA Index System ("CODIS"). In 2004, the Fulton County "cold case" squad sent the swabs taken from Hankamer to a DNA testing company, which extracted the male DNA from the swabs and created a DNA profile. The Georgia Crime Lab entered this profile into CODIS, which recorded a match for Walker. The Crime Lab then obtained another swab from Walker and confirmed that one in two trillion among the African-American population, and one in 100 trillion among the Caucasian population would exhibit the same DNA pattern found in Walker and the sperm retrieved from Hankamer's body.

Evidence at trial also revealed that at the time of Hankamer's death, Walker frequently stayed at his grandmother's home, which was located only a block from Candler Park. Walker had also been observed at Candler Park during the evening hours a few days after Hankamer's death, and nearly a month later, only 25 feet from where the victim's body had been found.

1. Walker first asserts that the evidence was insufficient to support the verdict because the evidence against him was completely circumstantial and did not exclude every reasonable hypothesis save that of his guilt. See OCGA § 24-4-6. For example, Walker maintains that the evidence supports the conclusions that he could have had consensual sex with the victim prior to her death or that he might have committed acts of necrophilia after happening upon the victim's body. However, it is not necessary for circumstantial evidence to

exclude every conceivable hypothesis, but only reasonable hypotheses. *Barela v. State*, 271 Ga. 169 (517 SE2d 321) (1999). Questions as to reasonableness are generally to be decided by the jury, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will only be reversed if it is insupportable as a matter of law. *Foster v. State*, 273 Ga. 34 (1) (537 SE2d 659) (2000).

Walker's arguments to the contrary notwithstanding, the state in which Hankamer's body was discovered, coupled with the DNA evidence linking Walker to Hankamer, was sufficient to support the jury's conclusion that Walker raped and murdered Hankamer as opposed to having committed necrophilia or having engaged in consensual sex with her prior to her death. The jury was authorized to reject as unreasonable the theoretical possibilities that Walker had a consensual encounter with Hankamer near Candler Park while she was walking across the park to her own home, or that he chanced upon Hankamer's dead body, strangled with her face shattered and bleeding, and then had sex with her. See, e.g., *Jenkins v. State*, 207 Ga. App. 500, 501 (428 SE2d 410) (1993). The evidence was sufficient to enable a rational trier of fact to find Walker guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson*, supra, 443 U. S. 307.

2. Walker also maintains that the trial court erred in failing to give his requested jury charges on DNA evidence and on impeachment. The refusal to give a requested charge is error only where the request made is a correct statement of law that is pertinent and material to an issue in the case and contains information that is not substantially covered by the charge actually given. *Carter v. State*, 263 Ga. 401 (4) (435 SE2d 42) (1993). Failure to give a requested jury charge in the precise language requested does not warrant reversal where the charge given substantially covers the applicable principles of law. *Morita v. State*, 270 Ga. App. 372 (3) (606 SE2d 595) (2004).

Here, the record reveals that the trial court thoroughly and properly instructed the jury on circumstantial evidence, expert witnesses, and witness credibility, which substantially covered all of the principles relating to DNA evidence and impeachment that were relevant to the case. Further, as Walker conceded below, several aspects of the impeachment charge that he originally requested were inapplicable to the facts of this case. We find no error in the trial court's refusal to give Walker's requested charges. See *Davis v. State*, 266 Ga. 801, 803 (7) (471 SE2d 191) (1996) ("If any portion of [a] request is inapt or incorrect, denial of the request is proper.") (citations and punctuation omitted); *Morita*, supra, 270 Ga. App. at 372 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Amy Hawkins Morelli, Assistant Attorney General*, for appellee.