A10A2196. HERNANDEZ-LOPEZ v. THE STATE.
(706 SE2d 626)

BARNES, Presiding Judge.

Roberto Hernandez-Lopez was convicted of kidnapping and possession of a firearm during the commission of a crime. On appeal from the denial of his motion for a new trial, he challenges the sufficiency of the evidence. For the reasons discussed below, we affirm.

> On appeal of a criminal conviction, this Court's duty is to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The appellant no longer enjoys the presumption of innocence. Moreover, the Court does not re-weigh the evidence or resolve conflicts in testimony, but rather defers to the jury's assessment of the weight and credibility of the evidence.

(Citations and punctuation omitted.) *Walker v. State*, 282 Ga. 406 (651 SE2d 12) (2007).

Viewed in the light most favorable to the verdict, the evidence showed that at the time of the crimes at issue, the victim was married to Hernandez-Lopez. However, the two were separated and the victim was residing at a domestic violence shelter. On March 23, 2008, Hernandez-Lopez approached the victim as she was walking to her car after a church service. Hernandez-Lopez got into the victim's car against her will, revealed a pistol in his waistband, and forced her to drive both of them to a nearby residence. Hernandez-Lopez told the victim that he wanted to get back together with her and wanted her to travel to Mexico with him.

While traveling in the car, the victim received a phone call from a friend, who became concerned for the victim's safety when he overheard her crying and arguing with Hernandez-Lopez. The friend

went to the police department and reported what he had heard. The police then contacted the domestic violence shelter and related that the victim may have been kidnapped by Hernandez-Lopez.

The director of the shelter located the address that the victim had provided for Hernandez-Lopez and traveled to the residence to see if the victim was there. The director saw the victim sitting in the driver's seat of a car with the defendant standing in front of the car. The director contacted the police and informed them that she had located the victim.

When a responding sheriff's deputy arrived at the residence, the victim and Hernandez-Lopez were standing outside. As the deputy exited from his patrol car, the victim ran up to him crying. The deputy asked the victim if she was okay, and she shook her head no. The deputy then approached Hernandez-Lopez and asked if he had a gun. Hernandez-Lopez pulled up his shirt and revealed a loaded semi-automatic pistol consistent with that later described by the victim, but told the deputies that "he wasn't going to hurt anybody, he was just trying to scare them." At that point, he was taken into custody. In a subsequent recorded interview with a police investigator, Hernandez-Lopez admitted that he had been carrying a gun and had intended to use it to frighten the victim.

The victim testified at trial to the events as set out above. Among other witnesses, the State called the friend who phoned the victim during the incident, the director of the shelter, and the responding deputy to corroborate the victim's testimony. The State also introduced into evidence and played for the jury Hernandez-Lopez's interview with the police investigator. Based upon this evidence, the jury convicted Hernandez-Lopez of kidnapping and possession of a firearm during the commission of a crime.

The evidence was sufficient to authorize a rational jury to find Hernandez-Lopez guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Indeed, the victim's testimony, standing alone, could sustain the convictions. See OCGA § 24-4-8; *Harris v. State*, 283 Ga. App. 374, 376-377 (1) (a) (641 SE2d 619) (2007). While Hernandez-Lopez argues that the jury should not have believed the victim, it was for the jury, not this Court, to assess witness credibility and weigh the evidence. See *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001). Thus, Hernandez-Lopez's challenge to the sufficiency of the evidence lacks merit and provides no basis for reversal.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 1, 2011.

*David C. Walker*, for appellant.

*S. Hayward Altman, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.